UNITED STATES DISTRICT COURT
NORHTERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHANTIMEKKI FORTSON,
individually and as the personal
representative of the Estate of Roger
Fortson,

      Plaintiff,

v.                              Case No. 3:25-cv-0591

SHERIFF ERIC ADEN, in his official
capacity; DEPUTY EDDIE DURAN,
in his individual capacity; CHEZ ELAN FL
PROPERTY, LLC, a Delaware business
entity; and JANE DOE,

      Defendants.

_____/

## DEFENDANT DURAN'S MOTION TO STAY CIVIL LITIGATION PENDING RESOLUTION OF CRIMINAL PROCEEDINGS

Pursuant to Federal Rule of Civil Procedure 7, and N.D. Fla. Loc. R. 7.1, Defendant EDDIE DURAN requests the Court stay all proceedings in the above-captioned civil action pending resolution of the criminal proceedings against him related to the incident. In support of this Motion, Mr. Duran states:

1.    Plaintiff Chantimekki Fortson, individually and as the personal representative of the Estate of Roger Fortson ("Plaintiff") initiated this lawsuit with the filing of a Complaint on May 6, 2025. [Doc.1]. The suit relates to the

death of Roger Fortson who was shot by former Deputy Eddie Duran when responding to a domestic call and Mr. Fortson confronted him with a firearm.

2.    On August 23, 2024, Mr. Duran was charged with felony manslaughter as a result of the events on May 3, 2024. He is currently undergoing criminal proceedings in the First Judicial Circuit, In and for Okaloosa County, *State v. Duran,* Case No. 2024 CF 0020.[1]

3.    During the pendency of the criminal proceedings, Mr. Duran will assert his Fifth Amendment right against self-incrimination and will be unable to provide information regarding the incident at the heart of this civil action.

4.     Not only will he be unable to defend himself but other defendants will also be hampered by the inability to ascertain critical facts and all parties will be unable to secure and engage in meaningful expert witness discovery.

5.    In the interest of judicial efficiency and fairness, Mr. Duran requests to stay the instant civil proceedings until the resolution of the criminal case against him.

---

[1] Pursuant to Federal Rules of Evidence 201(b) and (c), Mr. Duran respectfully requests this Court take judicial notice of the criminal proceeding pending against him in the First Judicial Circuit, In and for Okaloosa County, *State v. Duran*, 2024 CF 00200. A copy of the docket is attached hereto as Exhibit 1, and is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

6.      Staying these civil proceedings until the resolution of the related criminal proceedings would not prejudice any party to this action. By contrast, all parties would be prejudiced if Mr. Duran is forced to choose between his Fifth Amendment right against self-incrimination or participating in these civil proceedings making it nearly impossible to meaningfully engage in the lawsuit.

**WHEREFORE**, Defendant Duran respectfully requests the Court stay this civil litigation until after resolution of the related criminal proceedings against him

## MEMORANDUM OF LAW

Pursuant to FLND Local Rule 7.01(B), Mr. Duran offers the following memorandum of law in support of his motion:

Mr. Duran is currently the defendant in a criminal matter and this civil litigation, both owing to the events on May 3, 2024. Mr. Duran seeks a stay of this civil proceeding during the pendency of the criminal case.

### Standard for a Motion to Stay

A district court has broad discretion to stay proceedings as a part of its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*,

299 U.S. 248, 254 (1936).

It is well established that a federal district court also has broad discretion in granting or denying a motion to stay a civil matter pending the outcome of a similar or parallel criminal proceeding. *Adkins v. Roberts,* No. 5:18-cv-271-MCR-MJF, 2019 U.S. Dist. LEXIS 251999, at *6-7 (N.D. Fla. Sep. 5, 2019). However, a civil proceeding must be stayed when special circumstances require it in the interest of justice. *United States v. Pinnacle Quest Int'l,* 2008 WL 4274498, at *1 (N.D. Fla. Sept. 11, 2008) (quoting *United States v. Lot 5, Fox Grove, Alachua County, Fla.*, 23 F.3d 359, 364 (11th Cir. 1994) (citing *United States v. Kordel,* 397 U.S. 1, 12-13, 90 S. Ct. 763, 25 L. Ed. 2d 1 & n. 27 (1970))).

A parallel proceeding alone does not establish special circumstances. *Adkins,* 2019 U.S. Dist. LEXIS 251999, at *6-7. *See also Gonzalez v. Israel*, No. 15-CIV-60060-BLOOM/Valle, 2015 U.S. Dist. LEXIS 89163, at *10 (S.D. Fla. July 8, 2015), and *Glob. Aero., Inc. v. Platinum Jet Mgmt., LLC*, No. 09-60756-CIV, 2009 U.S. Dist. LEXIS 81380, at *4 (S.D. Fla. Aug. 19, 2009). Instead, to determine whether special circumstances exist which would warrant a stay, the court must consider "the degree and severity of overlap between the civil and criminal proceedings; whether the criminal charges are hypothetical or, by contrast, whether an indictment or its equivalent has been

4

issued; and the specificity of the invocation of the Fifth Amendment privilege relative to the civil proceeding." *Gonzalez,* 2015 U.S. Dist. LEXIS 89163, at *6; *see also Adkins,* 2019 U.S. Dist. LEXIS 251999, at *6-7; and *Pinnacle Quest Int'l,* 2008 WL 4274498, at *1.

The criminal proceeding

The tragic events that unfolded between the decedent Roger Fortson and former Deputy Eddie Duran on May 3, 2024, directly resulted in the criminal prosecution of Mr. Duran. He was indicted in August 2024, was arrested, and is criminally charged with one count of Manslaughter with a firearm, a first-degree felony. This proceeding is ongoing and a pretrial conference is scheduled for August 11, 2025, at 9:00 a.m. The criminal charges are real, they are not merely imagined or threatened.

"A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct. *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 628 (citing *Trs. of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech.*, 886 F.Supp. 1134, 1139 (S.D. N.Y. 1995)); *Twenty First Century Corp. v. LaBianca*, 801 F.Supp. 1007, 1011 (E.D. N.Y. 1992) ("[C]ourts are more likely to grant [civil discovery] stays when an indictment has already been issued"); *In re Par Pharm., Inc. Sec. Litig.*, 133 F.R.D. 12, 13–14 (S.D. N.Y. 1990) ("[C]ourts will stay a civil proceeding when the criminal

investigation has ripened into an indictment.")

The facts intrinsic to each proceeding cannot be separated.

The same facts and events on May 3, 2024, form the basis of the instant civil lawsuit against Mr. Duran and other defendants. Specifically, the claims against Mr. Duran are Count 1 – §1983 Excessive Force, and Count 3 – Wrongful Death pursuant to Florida Statutes, §§768.16, et seq.

Plaintiff alleges that Mr. Duran's use of deadly force (a firearm), when he purportedly posed no threat to anyone, violated his Fourth Amendment constitutional right, was unreasonable [Doc.1, ¶¶47-50], was wrongful, and directly caused Mr. Fortson's death. [Doc.1, ¶72]. The facts at the heart of the criminal and civil proceedings are shared, forming concentric circles. "[T]he similarity of issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *Love v. City of Lanett,* 2009 U.S. Dist. LEXIS 72494, 2009 WL 2525371, at *2 (M.D. Ala. Aug. 17, 2009) (citation omitted).

The invocation and implication of Mr. Duran's Fifth Amendment rights.

The conflict between the criminal and civil proceedings is founded on the Fifth Amendment to the United States Constitution which states in relevant part: "No person [ ] shall be compelled in any criminal case to be a witness against himself." It is fundamental that the Fifth Amendment protects

an individual from providing evidence against himself. Counsel for Mr. Duran in the criminal proceedings advises that he will not testify in the criminal case. In criminal cases, no negative inference is permitted to be drawn from the accused's silence or assertion of his Fifth Amendment right from self-incrimination. *Carter v. Kentucky,* 450 U.S. 288, 305 (1981). To the contrary, in civil cases, the United States Supreme Court has held "the Fifth Amendment does not forbid adverse inferences against parties . . . when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).

In the civil case, Mr. Duran will assert a defense of qualified immunity to the §1983 claim. "Qualified immunity shields government employees from suit in their individual capacities for discretionary actions they perform [in carrying out] their duties." *Brooks v. Miller*, 78 F.4th 1267, 1279 (11th Cir. 2023). Two issues are central to the §1983 claim: first, whether a constitutional violation occurred, and second, whether Mr. Duran is entitled to qualified immunity. *See, e.g., Johnson v. City of Atlanta,* 107 F.4th 1292, 1301 (11th Cir. 2024) (To show that qualified immunity is not appropriate, "the plaintiff must establish two things: (1) the defendant violated a constitutional right, and (2) that constitutional right was 'clearly established' at the time of the defendant's actions."). In determining the reasonableness

of force applied, the courts "look at the fact pattern from the perspective of a reasonable officer on the scene *with knowledge of the attendant circumstances and facts*, and balance the risk of bodily harm to the suspect against the gravity of the threat the officer sought to eliminate. A court must look at the 'totality of the circumstances' in making this assessment." *Johnson,* 107 F.4th at 1302 (internal citations omitted).

There was no one else physically present at the time the incident occurred, Mr. Duran is the sole living eyewitness. While there is video from his bodyworn camera, it does not portray the knowledge held by Mr. Duran, nor does it capture everything that he may have seen, heard, perceived, or interpreted. To present the totality of the circumstances from his perspective in the civil case as is required for his defense, Mr. Duran must rely almost exclusively on his own testimony or evidence which he personally must authenticate. However, if he asserts his Fifth Amendment right in the civil proceeding – as he must to protect himself from the testimony being used against him in the criminal case – he is faced with the epitome of a Hobson's choice: provide testimony and forfeit his constitutional right in the criminal case or remain silent and accept that an adverse civil verdict is inevitable. Moreover, Mr. Duran is at risk of having punitive damages awarded against him in the civil proceeding which requires a showing of malice (defined as evil

intent or motive) or reckless indifference (defined as callous disregard), both of which are based on the subjective intent of the individual. Only Mr. Duran can testify to that end.

Unable to provide testimony, Mr. Duran will be virtually defenseless in the civil proceeding, an undue prejudice. The pending criminal prosecution renders him powerless to engage experts, to present evidence, and to develop a record that might allow him to seek summary judgment in his favor. Instead, Mr. Duran's silence forced by the criminal prosecution makes summary judgment *against* him a near certainty in the instant civil claim. While no adverse inference may be drawn against Mr. Duran's silence in the criminal case, s*ee Carter v. Kentucky,* 450 U.S. 288, 305 (1981), he is further prejudiced by the civil jury's ability to draw a negative inference from his silence. *Baxter v. Palmigiano*, 425 U.S. at 318.

A party in a civil proceeding has a fundamental right to a full and fair trial on the merits of the case. U.S. Constitution, XIV Amendment. Without a stay, Mr. Duran will not receive a full or fair trial on the merits of the claims against him. A defendant's demonstration that the invocation of his Fifth Amendment privilege against self-incrimination will result in "certain loss by automatic summary judgment in the civil case" is adequate grounds for the issuance of a stay. *See, e.g., Young v. Peraza,* No. 1560968CIVCOHNSELTZE,

2015 U.S. Dist. LEXIS 101844, 2015 WL 4639736, at *1 (S.D. Fla. Aug. 4, 2015) (citations omitted) (cleaned up).

Other considerations

Also considered are the private interests of and burden on the defendants; the interests of the courts; and the public interest. *Investments v. Rothstein*, 2011 WL 2530945, at *1 (S.D. Fla. June 24, 2011) (quoting *Yeomans v. Forster & Howell, Inc.*, 2009 WL 2960387, at *1 (M.D. Fla. Sept. 10, 2009)); *Pinnacle Quest Int'l,* 2008 WL 4274498, at *1. As demonstrated above, the prejudice imposed on Mr. Duran by asserting his constitutional right in the civil case is excessive. To the contrary, any prejudice Plaintiff might suffer as a result of a delay in the civil proceedings is negligible. A stay will not waste, but rather will conserve, judicial resources. The interests of both the court and the public are best served by a stay which ensures a full and fair trial on the merits of the case when Mr. Duran is able to adequately defend the claims against him.

Conclusion

The particulars presented by the parallel criminal and civil proceedings against Mr. Duran unquestionably create the "special circumstances" which – "in the interests of justice" – command a stay of the civil proceeding.

## <u>LOCAL RULE 7.1(B) and (C) CERTIFICATION</u>

Pursuant to Local Rule 7.1(B) and (C) of the United States District Court for the Northern District of Florida, the undersigned counsel has conferred with Plaintiff's counsel regarding Mr. Duran's intent to seek a stay of the proceedings. Plaintiff opposes the Motion. The undersigned has also conferred with counsel for all co-defendants who advise they consent to the requested stay.

## <u>LOCAL RULE 7.1(F) CERTIFICATION</u>

The undersigned certifies that this Motion and Memorandum comply with Local Rule 7.1(F) of the Northern District of Florida in that they combined do not exceed 2,500 words as reported by the word-processing system utilized to prepare the memorandum.

Respectfully submitted this <u>27th</u> day of June 2025.

*Gwendolyn P. Adkins*



Gwendolyn P. Adkins, (FBN: 0949566)
gadkins@coppinsmonroe.com
jclark@coppinsmonroe.com
COPPINS MONROE, P.A.
2316 Killearn Center Blvd, Ste. 202
Tallahassee, FL 32309
Office: 850-422-2420   Fax: 850-422-2730
ATTORNEYS FOR DEFENDANT EDDIE DURAN

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3), this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

*Gwendolyn P. Adkins*
Attorney