IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHANTIMEKKI FORTSON, individually
and as Personal Representative of
the Estate of Roger Fortson,

      PLAINTIFF,

v.

SHERIFF ERIC ADEN, in his official
capacity; DEPUTY EDDIE DURAN,
in his individual capacity; CHEZ ELAN
FL PROPERTY, LLC, a Delaware
business entity; and JANE DOE,

      DEFENDANTS.

Case No. 3:25-cv-00591-TKW-ZCB
Judge Wetherell
Magistrate Judge Bolitho

_____

## CHEZ ELAN FL PROPERTY'S MOTION TO STAY INITIAL DISCLOSURES AND DISCOVERY PENDING RULING ON MOTION TO DISMISS OR THE FILING OF AN OPERATIVE COMPLAINT

COMES NOW Defendant, CHEZ ELAN FL PROPERTY, LLC, a Delaware business entity (hereinafter "Chez Elan"), by and through its undersigned counsel, hereby files this Motion to Stay Discovery and Initial Disclosures Pending Ruling on Chez Elan's Motion to Dismiss, or Plaintiff's Filing of an Operative Complaint. As grounds therefor, Chez Elan states:

## BACKGROUND

1.This lawsuit arises from a tragic incident in which Plaintiff's Decedent was shot by a sheriff's deputy after he opened the door to his apartment while holding a pistol. Allegations against Chez Elan arise from a privileged phone call that an "employee" made to law enforcement, wherein "Jane Doe" relayed a tenant's concerns of an ongoing domestic dispute at Mr. Fortson's apartment. See generally, ECF No. 1.

2.On or about July 14, 2025, Chez Elan filed a Motion to Dismiss Counts IV and IV of Plaintiff's Complaint (those that pertain to Chez Elan). The Motion to Dismiss is predicated, in part, upon the qualified immunity that precludes Plaintiff from asserting any allegation that arises from Ms. Doe's discussions with law enforcement.  ECF No. 14.

3.Chez Elan has received threatening messages after the subject incident, and more recently, following a national press conference wherein Plaintiff's counsel demanded "accountability" for Mr. Fortson's death, preached his theories of liability, and announced the filing of the instant lawsuit.

4.Over the last year, "Jane Doe" and personnel working at the office at Chez Elan have been the focus of telephone and online threats to "kill everyone" [in the Chez Elan office] and subject them to a "horrible fate."

5. Plaintiff will not be prejudiced if Chez Elan's Motion is granted. Notably, Plaintiff's claims against Deputy Duran (only) are stayed pending resolution of the companion criminal case or Court Order. See 07/14/25 Order, ECF No. 11.

## MEMORANDUM OF LAW

Trial courts have the authority to limit the scope of discovery by court order. Fed. R. Civ. P. 26(b)(1); see also *Riley v. Rutherford*, 2010 WL 4054140, *1 (M.D. Fla. 2010). Federal courts also have the broad discretion to stay proceedings as part of their inherent authority to control their docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This broad discretion and inherent power includes staying discovery until preliminary questions are determined. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Chudasama v. Mazda Motor Corp.* 123 F. 3d 1353, 1368 (11th Cir. 1997) (non-meritorious claims should be dismissed before discovery has begun, thereby avoiding unnecessary costs to the litigants and to the court system);

More specifically, it is appropriate for a court to stay discovery when it is faced with resolving dispositive motions which may result in dismissal of the action, when based upon issues such as jurisdiction, venue, or immunity. See *Feldman v. Flood*, 1997 U.S. Dist. LEXIS 21857, at *5 (M.D. Fla. 1997) ("A court has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case," such as immunity) (quoting

*Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D. N.C. 1988)); see also *Chudasama,* 123 F. 3d 1353, 1367 ("[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery begins.... [N]either the parties nor the court have any need for discovery before the court rules on the motion."); *Patterson v. United States Postal Service*, 901 F. 2d 927, 929 (11th Cir. 1990) (affirming stay of discovery pending resolution of a dispositive motion); *Florsheim Shoe Co. v. United States*, 744 F. 2d 787, 797 (Fed. Cir. 1984); *Staup v. Wachovia Bank, N.A.*, 2008 U.S. Dist. LEXIS 31397, *2 (S.D. Fla. 2008) (initial disclosures and "discovery would impose an undue burden on the defendant" before its motion to dismiss is ruled on); *Nankivil v. Lockheed Martin Corp.*, 2003 U.S. Dist. LEXIS 16771, *7 (M.D. Fla. 2003) (staying discovery pending resolution of motions seeking dismissal based on statute of limitations); *Feist v. Jefferson County Commissioner's Court*, 778 F. 2d 250, 252-53 (5th Cir. 1985) (finding it proper to first determine whether plaintiff raised a claim upon which relief could be granted before authorizing discovery); *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) (discovery "is not a device to enable plaintiff to make a case when" the complaint lacks legal sufficiency).

Chez Elan's good faith belief that it is immune from suit based upon Ms. Doe's privileged discussions, coupled with concerns of that public disclosure of its

"employees" or tenant's identities may pose a safety risk, Plaintiff's propensity to nationally broadcast these allegations to the public, and the unnecessary burdened discovery will impose if discovery is not stayed if Plaintiff's claims against Chez Elan are barred, Chez Elan respectfully asks this Court to stay discovery and Initial Disclosures pending the filing of a viable Complaint or ruling on its Motion to Dismiss. Further, Plaintiff will not be prejudiced by the stay of discovery and Rule 26 initial disclosures and staying discovery would conserve judicial time and resources.

This Motion is being filed in good faith and is not being filed for the purpose of delaying proceedings.

WHEREFORE, Defendant, CHEZ ELAN FL PROPERTY, LLC, a Delaware business entity, respectfully requests that this Honorable Court:

1. Enter an Order granting this Motion;
2. Staying all discovery pending Plaintiff's filing of an operative Complaint against Chez Elan;
3. Staying the exchange of Initial Disclosures and Rule 26(a) Disclosures; and,
4. Awarding any additional relief his Court deems just and appropriate.

Alternatively, CHEZ ELAN FL PROPERTY, LLC, a Delaware business entity, respectfully requests that this Honorable Court enter an Order:

5. Granting this Motion in Part;

6. Staying all discovery to and from Chez Elan pending Plaintiff's filing of an operative Complaint against Chez Elan;

7. Staying Chez Elan's obligations to submit Initial Disclosures and Rule 26(a) Disclosures; and,

8. Awarding any additional relief his Court deems just and appropriate.

Alternatively, CHEZ ELAN FL PROPERTY, LLC, a Delaware business entity, respectfully requests that this Honorable Court enter an Order maintaining confidentiality of its employees and tenants' identity and awarding any additional relief his Court deems just and appropriate

## **LOCAL RULE 7.1(b) and (c) CERTIFICATION**

Pursuant to Local Rule 7.1(b) and (c), the undersigned counsel conferred with Plaintiff's counsel via Zoom conference on July 23, 2025, in a good faith effort to resolve, by agreement, the issues raised by this Motion. The Parties were not able to reach an agreement regarding same. Specifically, Plaintiff's counsel does not agree to the relief requested by this Motion.

## **LOCAL RULE 7.1(f) CERTIFICATION**

Pursuant to Local Rule 7.1(F) the undersigned certifies that this memorandum does not exceed 1,350 words, as reported by the word processing system utilized.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 31st day of July 2025, a true and correct copy of the foregoing was filed in the US District Court, Northern District of Florida, using the CM/ECF system.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants CHEZ ELAN FL PROPERTY LLC,*
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone 954-703-3756
Facsimile 954-703-3701
Primary e-mail: jami.gursky@csklegal.com
Primary e-mail: bradley.rowe@csklegal.com
Secondary e-mail: alina.gonzalez@csklegal.com

By: */s/ Bradley H. Rowe*
JAMI L. GURSKY
Florida Bar No.: 572926
BRADLEY H. ROWE
Florida Bar No.: 72708