UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| CHANTIMEKKI FORTSON, individually and as the personal representative of the Estate of Roger Fortson,<br><br>    Plaintiff,<br><br>    v.<br><br>SHERIFF ERIC ADEN, *et al.*,<br><br>    Defendants. | No. 3:25-cv-591-TKW-ZCB<br><br>Judge Wetherell<br><br>Magistrate Judge Bolitho |

**PLAINTIFF'S OPPOSITION TO
CHEZ ELAN'S MOTION TO STAY (ECF No. 24)**

Chez Elan correctly notes that while the Court stayed discovery against Deputy Duran—the only party here with a colorable Fifth Amendment privilege—the Court has not stayed discovery against Chez Elan. And yet, Chez Elan now seeks not only a stay of discovery for itself, but as to *all four* parties. The Court should now deny this motion.

Discovery has opened. The parties conducted a Rule 26(f) conference last week. The Sheriff filed an answer, not a motion to dismiss. Ms. Doe—whom Chez Elan does not represent, and whom Chez Elan refuses to name—has not yet been identified or served. Whatever the merit of Chez Elan's own motion to dismiss, there is no reason to stay all discovery in the action.

1

There is also no reason to stay discovery as against Chez Elan. Chez Elan likely has core facts, documents, and other evidence in its possession that relate to this case—evidence that will be relevant in Plaintiff's claims against Deputy Duran, Sheriff Aden, *and* Ms. Doe—and it should not be allowed to forestall production, hindering Plaintiff's efforts to make a case against those other parties.

That evidence would include: records of complaints made by or about Mr. Fortson or neighboring tenants; the identity of employees with direct knowledge of the facts, including Doe and others; any documents generated about the killing; and whatever relevant evidence exists surrounding the formation of lease between Chez Elan and Mr. Fortson.

Perversely, Chez Elan now attempts to use some of this evidence as a sword—such as in its bogus argument that a jury waiver in Mr. Fortson's lease applies to the claims brought here here—while also seeking to shield itself from having to provide discovery on that same evidence. In other words, "strike the jury demand now, but don't give Plaintiff any discovery on the lease or anything else until much later." That is game-playing.

One of the easiest facts Chez Elan could produce in discovery is the name of Jane Doe. Outrageously, Chez Elan has insinuated in its motions and in conferrals that: (1) she could never be a defendant, (2) her name can never be disclosed, and therefore (3) she could never be a witness or required to testify about this killing.

That's incorrect. Chez Elan's attorneys have also stated that they do not represent Doe and refused to say which attorney they think might. And even if Doe were dismissed from this action, she could still be called under subpoena to tell what she knows. "In our judicial system, 'the public has a right to every man's evidence.'" *Trump v. Vance*, 591 U.S. 786, 791 (2020). Given that the name and her testimony will assuredly come out by hook or by crook—either in first-party discovery or third-party discovery—why should the parties endure a stay?

If Chez Elan received death threats, that is deplorable but it is also a sideshow and not an equitable reason to bar Plaintiff from conducting discovery. Plaintiff has the right to sue Chez Elan—it is, in fact, not "immune from suit," Mot. at 4—and Plaintiff is not responsible for the actions of the general public, including those who posted the flyers Chez Elan claims went up.

The fact is, apartment houses are full of transient residents and employees. If Plaintiff does not confirm the identity of critical witnesses soon—such as other neighbors who can verify or dispute the allegation that there was fighting going on in the apartment, or neighbors who made reports to Chez Elan about anything else connected to this case—those people may move away and be lost to contact later. Besides that, memories fade, as they always do. So there *is* prejudice to Plaintiff in a stay, and no reason to delay first-party discovery against Chez Elan, or third-party discovery against various citizens who may have information.

This motion should be denied.

Dated: August 4, 2025

Respectfully submitted,

/s/ William F. Cash III
Brian H. Barr (Fla. Bar No. 493041)
William F. Cash III (Fla. Bar No. 68443)
Chelsie L. Green (Fla. Bar No. 1008278)
**LEVIN, PAPANTONIO, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7000
Email: cgreen@levinlaw.com

Natalie Jackson (Fla. Bar No. 646075)
**BEN CRUMP LAW, PLLC**
121 South Orange Ave.
Suite 1500
Orlando, FL 32801
Telephone: (407) 749-9702
Email: natalie@bencrump.com

*Counsel for Plaintiff*

## CERTIFICATE UNDER LOC. R. 7.1(F)

I certify that this memorandum contains 651 words and therefore complies with Loc. R. 7.1(F).

/s/ William F. Cash III