IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

CHANTIMEKKI FORTSON, individually
and as Personal Representative of
the Estate of Roger Fortson,                    Case No. 3:25-cv-00591-TKW-ZCB
                                                Judge Wetherell
         PLAINTIFF,                             Magistrate Judge Bolitho

v.

SHERIFF ERIC ADEN, in his official
capacity; DEPUTY EDDIE DURAN,
in his individual capacity; CHEZ ELAN
FL PROPERTY, LLC, a Delaware
business entity; and JANE DOE,

         DEFENDANTS.

_____

### CHEZ ELAN FL PROPERTY'S MOTION FOR LIMITED PROTECTIVE ORDER TO MAINTAIN CONFIDENTIALITY OF JANE DOE AND INITIAL REPORTER'S IDENTITIES

COMES NOW Defendant, CHEZ ELAN FL PROPERTY, LLC, a Delaware business entity (hereinafter "Chez Elan"), by and through its undersigned counsel, and pursuant to the Federal Rule of Civil Procedure 26 and Florida Statutes, Sections 119.071, 119.071, and 365.171(12), hereby files this Motion for Protective Order to preserve the statutorily-mandated confidentiality that protects disclosure of Jane Doe's identity. Additionally, Chez Elan seeks an order protecting disclosure of the tenant who reported an ongoing domestic disturbance in Mr. Fortson's

apartment (Ms. Doe and the tenant are cumulatively referred to as "Does"). As grounds therefor, Chez Elan states:

## INTRODUCTION

Chez Elan seeks entry of a Confidentiality Order: 1) mandating confidentiality of Does' identities; 2) requiring any documents mentioning Does' names to be filed under seal or redacted; and 3) allowing Ms. Doe to proceed as an anonymous Defendant.

Ms. Doe has been taken significant steps to protect her safety, including taking time off work, relocating both her residence and employment, and closing all social media accounts. These actions were necessary due to the abusive and threatening messages she received following the subject incident, as well as **misleading and accusatory public statements made by the Plaintiff and her counsel**. Furthermore, this Honorable Court should uphold the confidentiality protections that preclude the public disclosure of informants' identities.

**Chez Elan does not object to the disclosure of Does' identities to the *Parties* for the purposes of litigating this case in accordance with a confidentiality order**.

## FACTS

1.    This lawsuit arises from a tragic incident in which Plaintiff's Decedent was fatally shot by a sheriff's deputy after he opened the door to his apartment while

holding a pistol. Allegations against Chez Elan arise out of a privileged phone call made after its alleged employee, "Jane Doe" relayed a tenant's concern to law enforcement regarding an ongoing domestic dispute. See also ECF No. 1 at ¶ 13.

2.      **The State of Florida and law enforcement have maintained confidentiality of Ms. Doe's identity based upon a public record exemption**. See Pl. Compl. (ECF No. 1) at ¶ 13. Fla. Stat. §§ 119.07, 119.071(2)(f), 365.171(12)(a);[1] see also Pl. Compl. (ECF No. 1) at ¶ 13. Nonetheless, Plaintiff intends to "seek leave to amend this complaint" and publicize Ms. Doe's identity, once confirmed. *Id*. at ¶ 13.

3.      Chez Elan received threatening messages after the incident (May, 2024); after Plaintiff's **national press conference demanding that Chez Elan be held "*accountable*" for its "gross negligence" (May, 2025); and after flyers were placed on the tenants' *front doors* demanding "*ACCOUNTABILITY* FOR THE KILLING OF SENIOR AIRMAN ROGER FORTSON;**" there are 267 apartments (May, 2025).[2] See 05/13/25 flyers at ECF No. 12.

_____

[1] Fla. Stat. §365.171(12)(a) (mandating confidentiality for anyone accessing an emergency communication system to any public safety agency); Fla. Stat. §§ 119.07 (precluding disclosure of the identity of someone who reports to law enforcement), 119.071(2)(f) ("identity of confidential informants or sources is **automatically exempt and must not be disclosed**, even if the informant is inactive or suspected").

[2] Plaintiff and her counsel held a national press conference **demanding that Chez Elan be held "*accountable*"** for Mr. Fortson's death on May 6, 2025 (the same day jurors began deliberating whether five police officers murdered Tyree Nichols). Soon thereafter, flyers were posted on every tenant's front door calling for a public rally to "PACK THE COURT TO SHOW

4.      Ms. Doe closed all social media accounts and eventually moved out of her apartment and stopped working at Chez Elan as a result of concerning comments that both she and her boyfriend received after the Plaintiff publicly posted Ms. Doe and her boyfriend's names, photographs, and Ms. Doe's social media profile with the message below:



5.      On May 13, 2024, Ms. Doe retrieved a message left for the leasing office stating,

> Everyone that work at … that apartment complex … **Whoever called that disturbance … go hell and die**. And if I could do it myself – and – if so I could f**king blow y'all sh*t up myself about it, boy I swear to G*d, I would – on everything … **I promise you if I could put some – and blow that motherf***e sky high, I would kill everyone** in that motherf***er …

See transcription of May 13, 2024 Threatening Voicemail at ECF No. 26.

---

OKALOOSA COUNTY: THE PEOPLE DEMAND *ACCOUNTABILITY* FOR THE KILLING OF SENIOR AIRMAN ROGER FORTSON" during a criminal proceeding.

6.    ***The day after*** the above voicemail threatening explicit violence to the apartment complex and the people in it, another anonymous caller announced intentions to "dox" Jane Doe, stating **"yeah hi. I just wanted to let you know that, that Karen who got that airman killed, her information is being put on the internet. Okay?"** See transcription of May 14, 2024 Threatening Call at ECF No. 26.

7.    Ms. Doe has been taunted on social media and received other abusive messages, such as those demanding that she be "charged as an accessory to his murder," stating that she "needs some kind of charges," and **identifying her whereabouts after her job was relocated**. See posts at ECF No. 27.

8.    It is imperative that Ms. Doe's identity remain protected and there is no exceptional necessity, or extraordinary circumstance that risks jeopardizing her safety.

9.    Likewise, the tenant's identity should remain protected from *public disclosure* for safety reasons.

## MEMORANDUM OF LAW

A party may proceed anonymously in a civil suit in federal court by establishing that his privacy right outweighs the presumption of openness in the judicial proceeding." *Strike 3 Holdings, LLC v. Doe*, 2023 WL 113564 (M.D. Fla. Jan. 5, 2023) (citing *Doe v. Frank*, 951 F.2d 302, 324 (11th Cir. 1992) (per curiam)).

"In determining whether a party may proceed anonymously, the Eleventh Circuit identifies several factors for courts to consider, including whether: "1) the case involves a challenge to government or private activity; 2) the party will be required to disclose information of the utmost intimacy; 3) **the party would be threatened by violence or physical harm if they proceeded in their real name**; 4) the party will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution; 5) the party is a minor; and 6) proceeding anonymously would pose a unique threat of fundamental unfairness to the defendant."[3] *Pl. B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011) (citations omitted) (emphasis added)). These factors are not exhaustive nor is any factor intended to be dispositive, stressing that the determination ultimately involves consideration of 'all the circumstances of a given case[.]'" *Id.* at 1316 (quoting *Frank*, 951 F.2d at 323).

In this case, there have been ***actual safety threats*, not mere speculation**. Threatening messages, phone calls, and social media posts (from the Plaintiff herself) forced Ms. Doe to move, relocate her job, and close her social media

---

[3] Other factors include whether: "1) the case involves a challenge to government or private activity; 2) the party will be required to disclose information of the utmost intimacy; 3) **the party would be threatened by violence or physical harm if they proceeded in their real name**; 4) the party will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution; 5) the party is a minor; and 6) proceeding anonymously would pose a unique threat of fundamental unfairness to the defendant." *Doe* at .

accounts. Her whereabouts were subsequently posted to social media along with comments accusing her of being an "accessory to murder" and demanding that she face criminal charges. Each example, alone, should be sufficient to maintain Does' confidentiality, however the totally of the threats are alarming and demand protection. ECF Nos. 26 & 27.

In *Swearingen*, the plaintiff was allowed to proceed anonymously after he "submitted evidence of threats directed toward him that establish a likelihood that he would be threatened … such as a threat "to 'smash him in the face' and … social media post … that resulted in multiple threatening comments." For example, someone posted, "'one bullet fixes that problem,' insinuating the commenter wants to (or feels someone should) shoot plaintiff." *Swearingen*, 2019 WL 95548, at *5. See also *Doe v. Predator Catchers, Inc.*, 343 F.R.D. 633, 638 (M.D. Fla. July 18, 2023) (evidence of social media "threats directed toward [plaintiff …] establish a likelihood he would be threatened by violence or physical harm if he proceeded in his real name."). "Fairly recently, the Eleventh Circuit recognized that '[i]n today's digital age,' harassing comments posted on a website may be enough to establish that an anonymous plaintiff would be subject to threats and harassment if she had to proceed under her own name." *Swearingen*, 2019 WL 95548, at *5 (citing *Doe v. Neverson*, 820 F. App'x, 984, 988 (11th Cir. 2020) (citing *Doe v. Stegall*, 653 F.2d 180, 182 n.6, 186 (5th Cir. 1981)).

Also, maintaining confidentiality of Does' identities would not prejudice the Plaintiff because Chez Elan does not oppose disclosure of their names to the *Parties* for purposes of litigating this case. "This compromise satisfies the [plaintiff's] right to know … and it allows [the Parties] to litigate this case while alleviating any threat of physical harm that [Does] may face if their identities became public.  As such, this factor weighs in favor of anonymity." *Swearingen*, 2019 WL 95548, at *5; see also *Doe v. City of Indianapolis, Ind.*, 2012 WL 639537, at *2 (S.D. Ind. Feb. 27, 2012) ("defendants are not prejudiced because defendants will have access to plaintiff's personal information during the course of trial."); *Predator Catchers, Inc.*, 343 F.R.D. 633, 638 (M.D. Fla. 2023). While the public might have an interest in the subject of this lawsuit, the Does' identities do not further that interest in any meaningful way. See *Swearingen*, 2019 WL 95548, at *5.

Furthermore, the statutory protection afforded to those who communicate with law enforcement in good faith is grounded on several policy reasons, including safety. In order to obtain confidential information that is exempt from disclosure, plaintiff must show "exceptional necessity" or "extraordinary circumstances." *Henderson v. Perez*, 835 So. 2d 390 (Fla. 2d DCA 2003), 28 Fla. L. Weekly D377 (2004); *Crews v. Hensley*, 2006 WL 1679596 (M.D. Fla. June 13, 2006); *State v. Grayson*, 965 So. 2d 334, 338 (Fla. 5th DCA 2007) ((referring to *State v. White*,

867 So. 2d 594 (Fla. 2d DCA 2004)) ("it was preferable to frustrate a criminal investigation for a false report of child abuse than to chill abuse reports by allowing the criminal investigator to disclose the identity of the caller to the alleged abuser in order to obtain the caller's name"); *Judd v. State*, 781 So. 2d 440, 444–45 (Fla. 1st DCA 2001) ("**where there is reasonable fear for the safety of the informant or his family, there is reason to prohibit disclosure** of the informant's identity or his location").

In this case, Chez Elan has received actual safety threats, not just implied. ECF No. 26. Chez Elan does not seek to withhold information from the Plaintiff – Chez Elan simply seeks a protective order prohibiting the public disclosure of Does' identities. Plaintiff will not be prejudiced. The other Defendants agree to this Motion.

WHEREFORE, Defendant, CHEZ ELAN FL PROPERTY, LLC, a Delaware business entity, respectfully requests this Honorable Court to enter an Order granting this Motion, precluding disclosure of Jane Doe and the tenant's identities; requiring all documents that refer to Ms. Doe and/or the tenant should refer to them only as "Jane Doe" or "Tenant Doe"), and awarding any additional relief his Court deems just and appropriate.

## LOCAL RULE 7.1(b) and (c) CERTIFICATION

Pursuant to Local Rule 7.1(b) and (c), Chez Elan hereby certifies that its counsel conferred with Plaintiff's counsel during a July 23, 2025 Zoom conference, with all counsel during an August 1, 2025 Zoom conference, and again via email on August 4, 2025, in a good faith effort to resolve the relief sought in this Motion. Counsel for Sheriff Arden and Deputy Duran agree to the relief sought in this Motion. Plaintiff does not agree and intends to oppose this Motion.

## LOCAL RULE 7.1(f) CERTIFICATION

Pursuant to Local Rule 7.1(F) the undersigned certifies that this memorandum does not exceed 1,900 words, as reported by the word processing system utilized.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 5th day of August 2025, a true and correct copy of the foregoing was filed in the US District Court, Northern District of Florida, using the CM/ECF system.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant CHEZ ELAN FL*
*PROPERTY, LLC,*
110 S.E. 6th Street, Suite 2700
Fort Lauderdale, Florida 33301
Telephone 954-703-3756
Facsimile 954-703-3701
Primary e-mail: jami.gursky@csklegal.com
Primary e-mail: bradley.rowe@csklegal.com
Secondary e-mail: alina.gonzalez@csklegal.com


By:  */s/ Bradley H. Rowe*
    JAMI L. GURSKY
    Florida Bar No.: 572926
    BRADLEY H. ROWE
    Florida Bar No.: 72708