UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| CHANTIMEKKI FORTSON, individually and as the personal representative of the Estate of Roger Fortson,<br><br>　　Plaintiff,<br><br>　　v.<br><br>SHERIFF ERIC ADEN, *et al.*,<br><br>　　Defendants. | No. 3:25-cv-591-TKW-ZCB<br><br>Judge Wetherell<br><br>Magistrate Judge Bolitho |

**JOINT REPORT OF THE
PARTIES' DISCOVERY PLANNING CONFERENCE**

In accordance with the Initial Scheduling Order of the Court (ECF 17), the parties provide the following information:

　　1.　　**Rule 26(f) Conference.** The parties conferred on August 1, 2025. These were the participants:

　　　　Chelsie Green and William F. Cash III, for Plaintiff

　　　　Michael P. Spellman and Christen Petruzzelli, for Defendant Sheriff Aden

　　　　Gwen P. Adkins, for Defendant Duran

　　　　Jami L. Gursky, for Defendant Chez Elan[1]

---

[1] The Court dismissed Defendant Chez Elan following the attorney conference.

1

2. **Magistrate Judge Jurisdiction.** The parties conferred on the issue of consent to magistrate jurisdiction.

3. **Nature and Basis of Claims and Defenses.**

a. Plaintiff: Plaintiff's claims arise from the unlawful and unjustified killing of U.S. Airman Roger Fortson by Okaloosa County Sheriff's Deputy Eddie Duran on May 3, 2024. That day, an employee of the Chez Elan apartment complex in Fort Walton Beach called the police to report an alleged domestic disturbance. Deputy Duran responded to the call. Though there was no disturbance at Mr. Fortson's unit, the employee directed Deputy Duran to unit 1401, where Mr. Fortson resided.

Mr. Fortson was alone in his unit, on FaceTime with his girlfriend when Deputy Duran aggressively knocked on Mr. Fortson's door. Deputy Duran positioned himself out of the view of the peephole on Mr. Fortson's door and proceeded to again aggressively knock on Mr. Fortson's door. Mr. Fortson informed his girlfriend that he was going to retrieve his firearm because he did not know who was at his door. Mr. Fortson opened the door with his firearm pointed downward, away from the doorway. Within less than two seconds of Mr. Fortson opening the door, Deputy Duran shot Mr. Fortson six times. At no time did Mr. Fortson raise or point the firearm in his right hand at Deputy Duran. Mr. Fortson died as a result of the shooting.

Plaintiff maintains that Deputy Duran used excessive force against Mr. Fortson in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983. Plaintiff maintains that Sheriff Aden, in his official capacity, is liable under *Monell v. Department of Social Services* and 42 U.S.C. § 1983 for a failure to train, supervise, and/or discipline deputies regarding (a) the handling of domestic disturbance calls based on unverified or secondhand information; (b) proper knock-and-announce procedures, particularly in residential settings involving lawful occupants; and (c) de-escalation tactics and safe engagement with lawfully armed residents inside their homes. Mr. Fortson's death was a predictable result of Sheriff Aden's failure to train, supervise, and discipline his deputies in the face of a pattern of unjustifiable uses of force. Finally, Plaintiff brings wrongful death claims under Florida law against Deputy Duran and Sheriff Aden, the latter under the doctrine of *respondeat superior*.

    b.    Defendant Sheriff Aden: Sheriff Aden, sued in his official capacity, denies all liability. As it concerns Plaintiff's *Monell* claims, the Sheriff may not be sued under § 1983 solely because he employed Defendant Duran. Instead, to impose liability on the Sheriff, Plaintiff must show the Sheriff had a custom or policy that constituted deliberate indifference to the decedent's constitutional rights and that the policy or custom *caused* and was the moving force behind a violation of those constitutional rights. This liability can only attach if the constitutional

injuries resulted from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law. There is no evidence to support any one of these theories of liability, and the Sheriff denies any liability under *Monell*.

The Sheriff further denies any liability to Plaintiff's wrongful death claim. Defendant Duran was told that a neighbor had relayed that the interaction in Apartment 1401 "sounded like it was getting out of hand" and that the neighbor "sounded scared." As the body-worn camera worn by Defendant Duran shows, he went to the right apartment – 1401 – and knocked loudly on the door three different times. On two of those occasions, Defendant Duran loudly announced that he was with the Sheriff's Office and instructed the occupant to open the door. At no time did the occupant of Apartment 1401 ask for any additional identification. When the occupant opened the door, he did so with a handgun in his hand at his side.

The application of force by Defendant Duran was reasonable and privileged under the circumstances and undertaken for the purpose of self-defense or for the purpose of accomplishing lawful objectives. The actions by Defendant Duran were taken while Defendant Duran was acting in his capacity as a law enforcement officer, effectuating a lawful purpose; in good faith, reasonable and without malice

based on the facts and circumstances presented and based upon the reasonable perception of imminent harm or death.

    c.    Defendant Duran: Defendant Duran denies all claims against him and asserts the defenses of good faith and qualified immunity. At all times relevant, Defendant Duran acted in the course and scope of his employment as a sworn law enforcement officer with the Okaloosa County Sheriff's Office and acted in good faith and in accordance with his training when responding to a call at the apartment complex. All actions taken with respect to Mr. Fortson, were based upon probable cause and the facts and circumstances with which he was confronted and were in accordance with Department policies and accepted police practices. All actions taken by Defendant Duran were reasonable and necessary under the circumstances and were not contrary to any clearly established law.

    4.    **Possibility of Settlement.** The parties will discuss settlement throughout the pendency of the case and believe participation in mediation will be more meaningful after the completion of discovery.

    5.    **Proposed timetables and cutoff dates for joinder and amendments.**

    a.    The parties should be allowed until **October 31, 2025,** to move to amend to join additional parties and to amend the pleadings.

      6.      **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

      a.      The parties will seek discovery on the following issues: matters related to and proportional to the needs of Plaintiff's claims and the Defendants' defenses.

      b.      Fact discovery is to be completed by **July 31, 2026**. The parties recognize that this is longer than normally granted in this District. But in light of the fact that discovery is stayed against Defendant Duran during his criminal trial, the parties agree that discovery should remain open until that trial is complete. Defendant Duran believes that his trial will not be completed until at least this date, if not even longer. The parties have agreed to jointly move the Court for any necessary extensions or, if the trial is held sooner, to shorten this and other deadlines as may be appropriate.

      Plaintiff also believes that a second reason for a lengthier-than-normal period of discovery is that this is a *Monell* case, and such cases can involve extensive discovery related to the patterns and practices of the Sheriff's Office and its conduct of training and supervision of officers. The parties have agreed to work together to litigate any discovery matters in an efficient way, but a somewhat longer than usual discovery period would benefit all parties.

    c.    Plaintiff's expert reports are due on **August 31, 2026**.

    d.    Defendants' expert disclosures due **October 30, 2026**.

    e.    If necessary, Plaintiff rebuttal report due **November 20, 2026**.

    f.    Depositions of experts to be concluded by **December 15, 2026**.

    g.    Interrogatories, requests for admissions and requests for production are to be governed by the default Rules.

    h.    Depositions to be conducted according to the default Rules, except that each party is permitted to take 20 depositions without seeking leave of Court. The parties anticipate that this number is sufficient, but given the complexity of Plaintiff's claims, agree to confer on reasonable requests for additional depositions.

    i.    Any supplements to discovery are due to be made promptly within a reasonable time after discovery of the need to supplement and in accordance with Rule 26(e).

    j.    The parties agree that, in addition to the methods prescribed in Federal Rule of Civil Procedure 5, they will accept service any papers—including discovery requests and responses—by e-mail so long as every person registered in CM/ECF for that party is served. This provision shall constitute each party's consent in writing for delivery by any other means, as provided by Federal Rule of Civil Procedure 5(b)(F). In addition, the parties

agree that the 3-day additional period allotted for service by mail will not apply.

7.      **Electronically Stored Information.** The Parties anticipate discovery of electronically stored information including, but not limited to: video footage, other documents and communications generated from and related to the incident, and documents and records related to the policies, training, and practices of the Okaloosa County Sheriff's Office which are maintained electronically.  The parties agree to hold an ESI conference to discuss the form(s) of ESI, including metadata, accessibility, redaction, relative costs and burdens, possible search terms, and proportionality on or before **September 26, 2025,** and will submit any agreed or contested issues for this Court's approval or consideration, as the case may be.

8.      **Proposed Trial Date.** The parties believe that the case will be ready for trial in **May 2027**, and at this time, it is expected to take **8 days** for trial, inclusive of jury selection. This date is relatively distant but necessarily given that Defendant Duran's criminal trial will have to take place first.

9.      **Other Items.**

   a.   The parties do not request a conference with the Court before entry of the Scheduling Order.

   b.   The parties request a Pretrial Conference consistent with the Court's schedule.

  c. The parties agree to service of discovery and discovery responses by electronic means, as consented to above.

  d. Final list of witnesses and exhibits under Rule 26(a)(3) should be due in accordance with the trial scheduling order from this Court.

  e. Parties should have one week after service of final list of witnesses and exhibits to list objections under Rule 26(a)(3).

  f. This case should not be subject to the Manual for Complex Litigation.

  g. The parties have conferred and agree that Defendant Duran will be responsible for submission of monthly reports updating the Court on the status of the criminal proceedings.

10. **Rule 26(a)(1) Disclosures.** The Parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) on or before **September 5, 2025**.

11. **FRE 702 Motions.** The parties agree to have Daubert Motions filed by **January 15, 2027**.

12. **Summary Judgment.** All dispositive motions shall be filed **no later than January 29, 2027**.

The parties' proposed dates above are also submitted in table form for the Court's convenience:

| Discovery | Court's Initial Scheduling Order | Parties' Proposal |
|---|---|---|
| End of Fact Discovery | 11/12/2025 | 7/31/2026 |
| Rule 26(f) Conference | Within 30 days of Order<br><br>8/16/2025 | 8/1/2025 |
| Status Report Due | 8/15/2025 | 8/29/2025 |
| Initial Disclosure | 8/15/2025 | 9/5/2025 |
| Motions to Join Parties or Amend Pleadings | 11/3/2025 | 10/31/2025 |
| Joinder of Other Parties | 10/1/2025 | 10/31/2025 |
| ESI Protocol | | The parties will participate in an ESI conference on or before 9/26/25 |

| Discovery | Court's Initial Scheduling Order | Parties' Proposal |
|---|---|---|
| Plaintiff's Expert Disclosure(s) | 9/15/2025 | August 31, 2026 |
| Defendants' Expert Disclosure(s) due | 10/15/2025 | October 30, 2026 |
| Plaintiff's Rebuttal Expert Disclosure(s) Due | | November 20, 2026 |
| Close of Expert Discovery | | December 15, 2026 |
| Motions for Summary Judgment | 12/3/2025 | January 29, 2027 |
| Trial | | May 2027 |
| | | |

11

Respectfully submitted,

*/s/ Chelsie L. Green*
Chelsie L. Green
cgreen@levinlaw.com
Brian H. Barr
bbarr@levinlaw.com
William F. Cash III
bcash@levinlaw.com


**LEVIN, PAPANTONIO, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7000

*Attorneys for Plaintiff*

*/s/ Michael P. Spellman*
Michael P. Spellman
Florida Bar Number: 0937975
mpsellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Sheriff Aden*


*/s/ Gwendolyn P. Adkins*
Gwendolyn P. Adkins
Florida Bar Number: 0949566
gadkins@coppinsmonroe.com

**COPPINS MONROE, P.A.**
2316 Killearn Center Blvd, Ste. 202
Tallahassee, FL 32309
Office: 850-422-2420
Fax: 850-422-2730

*Attorneys for Defendant Eddie Duran*