UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHANTIMEKKI FORTSON,
individually and as the personal
representative of the Estate of Roger
Fortson,

     Plaintiff,

        *v.*

SHERIFF ERIC ADEN, *et al.*,

     Defendants.

No. 3:25-cv-591-TKW-ZCB

Judge Wetherell

Magistrate Judge Bolitho

## **JOINT SUBMISSION REGARDING CLAIMS AGAINST JANE DOE**

In an effort to efficiently conduct these proceedings, Plaintiff and Defendant Jane Doe make this joint submission regarding the claims against Jane Doe. This matter arises out of the shooting death of Airman Roger Fortson by Okaloosa County Deputy Eddie Duran on May 3, 2024. Plaintiff's complaint brings claims against Duran, Okaloosa County Sheriff Eric Aden, Chez Elan FL Property, LLC (proprietor of the apartment complex where Airman Fortson resided and was killed), and Jane Doe, alleged to have been the Chez Elan employee who called law enforcement on the day Mr. Fortson was killed. On August 11, 2025, the Court dismissed the claims against Chez Elan, which were based in part on Jane Doe's conduct. ECF No. 30. The Court ruled that Plaintiff's claims against Chez Elan were barred because Florida's qualified privilege for calling law enforcement protected Jane Doe's alleged conduct. *Id.* Prior to the Court's ruling, Jane Doe had not been served, as Plaintiff had been unable to confirm Jane Doe's identity. After the Court's dismissal of the claims against Chez Elan, Plaintiff learned the identity of Jane Doe's counsel in this matter from Defendant Aden's initial

1

disclosures.  Plaintiff subsequently served a request for waiver of service to Jane Doe via her counsel, which her counsel returned executed.  ECF No. 37.  Jane Doe subsequently filed a motion to dismiss that mirrors Chez Elan's earlier motion to dismiss.  ECF No. 38.

To avoid wasting the resources and time of the parties and the Court, Plaintiff and Jane Doe make this joint submission regarding (1) preservation of Jane Doe's anonymity; and (2) treatment of Plaintiff's claims against Jane Doe in light of the Court's ruling on Chez Elan's motion to dismiss.  Plaintiff and Jane Doe agree at this time that Jane Doe should be permitted to proceed anonymously.  Moreover, while Plaintiff disagrees with the Court's ruling on Chez Elan's motion to dismiss and wishes to preserve all rights for appeal, Plaintiff recognizes that the Court's ruling would apply with equal force to her claims against both Chez Elan and Jane Doe.  Accordingly, rather than submitting unnecessary briefing, Plaintiff and Jane Doe briefly raise their respective positions on the claims brought by Plaintiff against Jane Doe in this joint submission, with the recognition that the Court's ruling as to Chez Elan is likely dispositive of the matter before this Court.

Finally, Plaintiff and Jane Doe expect that The Court will apply its ruling as to Chez Elan (ECF No. 30) with equal force to the claims asserted against Jane Doe. Should the Court be inclined not to do so, or should the Court be inclined to rule on Jane Doe's motion on a different basis, Plaintiff and Jane Doe would respectfully jointly request the opportunity to fully brief the issues by way of separate filings, and request that the Court set a date for Plaintiff to file a complete response to Jane Doe's outstanding motion to dismiss (ECF No. 38).

## I.    <u>Jane Doe's Anonymity</u>

**Jane Doe's Position:**

On October 10, 2025, the undersigned counsel for Jane Doe accepted service of the complaint and executed a waiver of service on behalf of Jane Doe, whose

real name shall be disclosed by separate filing under seal.  ECF No. 37.  Jane Doe now seeks leave to proceed anonymously in this matter.  In furtherance of preserving her anonymity, Jane Doe asked the Court to GRANT to Jane Doe the relief sought on her behalf by Chez Elan's previously-filed Motion for Limited Protective Order to Maintain Confidentiality of Jane Doe and Initial Reporter's Identities in her motion to dismiss, ECF No. 38.

Jane Doe has been the recipient not only of obscene and disturbing harassment on social media and otherwise, she has received numerous death threats and other threats of serious harm.  She is understandably and reasonably concerned for her safety and the safety of her loved ones; and accordingly sought leave of Court to proceed anonymously, and for the other relief requested by the aforementioned Motion.

After discussion with Plaintiff's counsel, based on concerns Plaintiff's counsel expressed regarding the breadth of the relief sought by Jane Doe in her motion to dismiss, Jane Doe has agreed to narrow her request for relief to: (1) a request to proceed anonymously as a defendant in this matter; and (2) a protective Order requiring that Jane Doe's real name shall not be included in any document filed, and instead must be redacted and replaced with the name "Jane Doe," with the exception that documents including Jane Doe's real name may be filed with the Court if filed under seal.

**Plaintiff's Position:**

Plaintiff does not oppose Jane Doe's request to proceed anonymously or for a protective order requiring Jane Doe's name to be filed under seal in this matter. To the extent that the Court is inclined to grant relief that is broader than that, Plaintiff requests that the Court permit the parties to brief the issue and set a date for Plaintiff to respond to Jane Doe's request in her motion to dismiss.

## II.    <u>Claims Against Jane Doe</u>

**Jane Doe's Position:**

Jane Doe's position is set forth in her previously-filed motion to dismiss [ECF No. 38], in which Jane Doe asserts she is entitled to "qualified privilege" and "qualified immunity" for her good faith reporting to law enforcement and adopts the arguments asserted by Chez Elan in its Motion to Dismiss Plaintiff's claims against it (Doc. 14), which claims were principally based on the alleged actions of Jane Doe.  Consistent with the rationale and rulings articulated by This Court in its Order dismissing Plaintiff's claims against Chez Elan (Doc. 30), Jane Doe respectfully asks This Court to dismiss Plaintiff's claims against her pursuant to Rule 12(b)(6).

Jane Doe asserts that contrary to the allegations of the Complaint suggesting that her reporting to law enforcement was false, the Complaint and its attachments demonstrate that in response to a report from a concerned resident regarding a disturbance in a nearby apartment which the resident believed might be a physical altercation, Jane Doe contacted law enforcement and conveyed only that information she had been provided, without embellishment, advising that she had not personally witnessed or heard the matters which had been reported to her by the other resident.  After law enforcement arrived on scene, Jane Doe answered the Deputy's questions truthfully and without embellishment and acknowledged the limits of her knowledge where appropriate.  The allegations of the Complaint, coupled with the content of the attachments to the Complaint establish that, in the Court's words, "Ms. Doe did precisely what any concerned citizen should do under these circumstances: she called law enforcement, provided the information she had, and then let law enforcement investigate." (Doc 30, p.12).   Accordingly, Jane Doe respectfully requests that consistent with its Order dismissing Plaintiff's

claims against Chez Elan, that This Court grant Jane Doe qualified immunity and dismiss Plaintiff's claims against her, *with prejudice*.

**Plaintiff's Position:**

For the reasons explained in Plaintiff's brief in opposition to Chez Elan's motion to dismiss and notice of supplemental authority, ECF Nos. 22 and 29 (fully incorporated by reference herein), Plaintiff believes that she has properly stated claims against Jane Doe and that her allegations are properly made. Specifically, the complaint properly alleges that Jane Doe recklessly made false statements to law enforcement that foreseeably created a serious risk to Mr. Fortson, and in fact directly led to his death. Plaintiff maintains that the complaint pled facts indicating Jane Doe's reckless, false statements to law enforcement were sufficiently egregious to overcome Florida's qualified privilege for reporting to law enforcement. Plaintiff's position is also that complaint properly alleged that the affirmative, reckless misrepresentations that Jane Doe made to law enforcement were a proximate cause of Airman Fortson's death.

Plaintiff recognizes that the Court applied the qualified immunity for reports to law enforcement to dismiss Plaintiff's claims against Chez Elan, ECF No. 30, and that the same analysis would apply to her claims against Jane Doe. While Plaintiff disagrees with the Court's ruling, Plaintiff does not seek to unnecessarily expend the parties' and the Court's resources by engaging in another cycle of briefing on an issue the Court has already decided. Accordingly, Plaintiff (1) opposes Defendant Jane Doe's motion to dismiss and/or strike (ECF No. 38) for the reasons identified in her opposition to Chez Elan's motion to dismiss and strike, ECF Nos. 22 and 29, and preserves all appellate rights as to its claims against Jane Doe (and Chez Elan), but (2) does not believe that an additional round of briefing is necessary for the Court to act on Defendant Jane Doe's request for dismissal. As noted above, to the extent that the Court is inclined to rule on any

basis aside from the basis on which it granted Chez Elan's motion to dismiss, the Parties have jointly requested that the Court set a date for Plaintiff to respond to Jane Doe's motion to dismiss.

Dated: January 8, 2026                     Respectfully Submitted,

                                           */s/ Benjamin Berkman*
                                           *Attorney for Plaintiff*

                                           */s/ J. Andrew Talbert*
                                           *Attorney for Defendant*
                                           *Jane Doe*

Brian H. Barr                              Natalie Jackson
bbarr@levinlaw.com                         natalie@bencrump.com
William F. Cash III                        **BEN CRUMP LAW,**
bcash@levinlaw.com                         **PLLC**
Chelsie L. Green                           121 South Orange Ave.
cgreen@levinlaw.com                        Suite 1500
                                           Orlando, FL 32801
                                           Telephone: (407) 749-
**LEVIN, PAPANTONIO, PROCTOR,**            9702
**BUCHANAN, O'BRIEN, BARR & MOUGEY,**
**P.A.**
**316 South Baylen Street, Suite 600 Pensacola,**   Benjamin Berkman
**FL 32502**                               bberkman@rblaw.net
**Telephone: (850) 435-7000**              **ROMANUCCI &**
                                           **BLANDIN, LLC**
*Attorneys for Plaintiff*                  321 N. Clark St., Suite
                                           900
                                           Chicago, IL 60654
                                           Telephone: (312) 253-
                                           1000

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

J. Andrew Talbert, Esq.
Florida Bar No.: 0106003
114 East Gregory Street, 2nd Floor

6

Pensacola, Florida 32502
Telephone:    (850) 434-6490
atalbert@qpwblaw.com
Debbie.Shally@qpwblaw.com

*Attorney for Defendant Jane Doe*

**<u>Certificate of Compliance with Local Rule 7.1(B)</u>**

On January 5, 2026, the undersigned counsel conferred via email with counsel for defendants Aden and Duran regarding defendant Jane Doe's request (1) to proceed anonymously as a defendant in this matter; and (2) for a protective Order requiring that Jane Doe's real name shall not be included in any document filed, and instead must be redacted and replaced with the name "Jane Doe," with the exception that documents including Jane Doe's real name may be filed with the Court if filed under seal.  Defendants Aden and Duran do not oppose Jane Doe's request.

*<u>/s/ Benjamin Berkman</u>*
*Attorney for Plaintiff*

**<u>Certificate of Service</u>**

I HEREBY CERTIFY that on 8th day of January 2026, a true and correct copy of the foregoing was filed in the US District Court, Northern District of Florida, using the CM/ECF system.

*<u>/s/ Benjamin Berkman</u>*
*Attorney for Plaintiff*