**From:** Jami L. Gursky <Jami.Gursky@csklegal.com>
**Sent:** Tuesday, March 24, 2026 5:26 PM
**To:** Chelsie Green <cgreen@levinlaw.com>
**Cc:** Ben Berkman <bberkman@rblaw.net>; Bill Cash <bcash@levinlaw.com>; Katrina Youngblood <kyoungblood@levinlaw.com>; liza <liza@bencrump.com>; Nabeha Shaer <nabeha@bencrump.com>; Michael Spellman <michael@spellman.law>; fortsonlitigation@mail-list.com; Alina Gonzalez <Alina.Gonzalez@csklegal.com>
**Subject:** RE: Fortson v. Sheriff Aden Deposition of Chez Elan

I was surprised that it took five days to receive a response to my email asking when I could accept service on behalf of Chez Elan, but I was even more surprised by the substance of your reply. Your Saturday-night email, sent at 9:41 p.m., transmitted—for the first time—a Third Amended Notice of Deposition, yet made no reference whatsoever to service.

To be clear, prior to your Saturday email, I had not been provided with the Third Amended Notice. My prior correspondence addressed substantive objections to the proposed Rule 30(b)(6) topics. Having now reviewed the Third Amended Notice, I note that it is accompanied by an unsigned subpoena and a notice that lacks a certificate of service and does not reflect service on the parties or all designees on the service list, nor compliance with the Local Rules.

Substantively, the Third Amended Notice seeks testimony on thirteen topics from a **nonparty that was dismissed with prejudice and does not possess knowledge regarding most of the topics noticed** (again, Chez Elan is the landowner, not property manager responsible for day-to-day operations or Doe's employer). Moreover, the topics are not stated with reasonable particularity and instead improperly seek information far beyond the nonparty's knowledge, custody, or control, much of which can be obtained through other means. As noticed, the deposition imposes an undue burden on a true nonparty and is facially defective under Rules 30(b)(6) and 45.

I will accept service of the Third Amended Notice of Deposition once it is accompanied by an express statement that the email constitutes service of the subpoena, consistent with our agreement. In doing so, I do not waive—and expressly reserve—the right to object to any deficiencies associated with the subpoena, notice, location of the deposition, or topic list. I then intend to file a Motion to Quash and Motion for Protective Order and to seek recovery of all associated attorneys' fees.

Please let me know if you would like to discuss.

Sincerely,

Jami

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| CHANTIMEKKI FORTSON, individually and as the personal representative of the Estate of Roger Fortson,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>SHERIFF ERIC ADEN, *et al.*,<br><br>　　Defendants. | No. 3:25-cv-591-TKW-ZCB<br><br>Judge Wetherell<br><br>Magistrate Judge Bolitho |

## PLAINTIFF'S THIRD AMENDED NOTICE OF DEPOSITION UNDER FED. R. CIV. P. 30(b)(6) TO CHEZ ELAN FL PROPERTY, LLC

Please take notice that pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff intends to depose Chez Elan FL Property, LLC as designated below.

**Date:** April 9, 2026

**Time:** 9:00 a.m., Central Time

**Location:** Levin Papantonio Proctor Buchanan O'Brien Barr Mougey P.A.

316 S. Baylen St., Pensacola, FL 32502

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Chez Elan FL Property, LLC shall be prepared to testify regarding the following subjects:

## Definitions

Unless otherwise indicated, the following terms, whether used in singular or plural and without regard to capitalization, shall have the meanings set forth below:

1

1.      Notwithstanding any definitions set forth below, each word, term, or phrase used in the below Topics is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and any applicable local rules.

2.      "You", "Your," or "Chez Elan" refers to Chez Elan FL Property, LLC.

3.      "Incident" refers to the events that occurred on or about May 3, 2024, that resulted in the shooting death of Roger Fortson by Deputy Eddie Duran of Okaloosa County Sheriff's Office.

4.      Unless otherwise stated, the relevant time period is May 2, 2024 to the present.

5.      "Document" shall be construed to the fullest and broadest scope of things discoverable under Fed. R. Civ. P. 26, encompassing material of any kind or nature, whether typed, printed, handwritten or otherwise produced and however printed, recorded or preserved, including without limitation, all communications, correspondence, emails, letters, memoranda, meeting minutes, notes, reports, grievances, handbooks, policies, directives, guidelines, contracts, bills, invoices, photographs, images, calendars, calendar entries and meeting invitations, voicemails, text messages, SMS, instant messages, facsimiles, photocopies, audio or video recordings, messages and posts to social media or any other online forum or platform and any electronic data or data complications, including computerized files. "Document" should also be deemed to include, without limitation, the file folder, labeled box, or notebook containing the Document, as well as any index, table of contents, list or summaries that serve to organize, identify or reference the Document.

6.      Policy" means any written rule, official directive, training manual, standard operating procedure (SOP), memorandum or unwritten custom, usage or practice that governs employee conduct.

7.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) in any form, written, oral, audio, visual, graphic, electronic or other exchange of words, thoughts, ideas, data, literature or other information.

## Topics

1.      Document search related to Plaintiff's subpoena to produce documents served on Chez Elan on November 5, 2025.

2.      Chez Elan's record-keeping system for tracking tenant complaints of other tenants and disturbances.

3.      Chez Elan's policies and procedures relating to tenant noise complaints, tenant complaints regarding other tenants and disturbances.

4.      Tenant complaints and disturbances regarding Roger Fortson and Mr. Fortson's neighboring apartments before the Incident and after the Incident occurred.

5.      Roger Fortson from date of his application for tenancy at Chez Elan FL Property, LLC to May 3, 2024, including background checks and tenant file.

6.      The Incident.

7.      Knowledge of Jane Doe and her employment at 319 Racetrack Rd. NW, Fort Walton Beach, FL beginning from date of employment to May 3, 2024.

8.      Relationship between Jane Doe's employer and You beginning from start date of Jane Doe's employment through date of the Incident.

9.      Other alleged crimes or misconduct at 319 Racetrack Road NW, Fort Walton, Florida.

3

10.    Knowledge of Chantimekki Fortson individually and as the personal representative of the Estate of Roger Fortson v. Sheriff Eric Aden, et al. from May 3, 2024 to present.

11.    The tenant, C.S., who called 911 and/or notified Jane Doe of the disturbance at 319 Racetrack Road, NW, Fort Walton Beach, Florida and the litigation.

12.    Layout of Your apartment complex.

13.    Persons responsible for day-to-day operations regarding tenant disturbances and noise complaints at 319 Racetrack Road, NW, Fort Walton Beach, Florida.

14.    Safety policies and procedures for tenant complaints of suspected crimes and criminal activity at 319 Racetrack Road, NW, Fort Walton Beach, Florida.

15.    Method(s) for receiving and tracking tenant complaints regarding noise, suspicious and criminal activity and emergencies, including any investigation taken by You for tenant complaints involving other tenants.

16.    Any response to the Incident taken by You.

Under the Federal Rules of Civil Procedure 30(b)(2) and 34, Chez Elan FL Property, LLC is requested to produce the documents responsive to the below requests no fewer than 14 days before the deposition is to take place:

1.    All nonprivileged Documents and Communications related to the preparation of this deposition.

2.    Retention policy for Chez Elan FL Property, LLC's document retention system relating to tenant complaints of other tenants, noise complaints, and reports of disturbances.

3.    Chez Elan FL Property, LLC's policies and procedures relating to tenant complaints involving other tenants and disturbances at 319 Racetrack Road, NW, Fort Walton Beach, Florida.

The deposition will be taken before an official court reporter, to be recorded by stenographic means and videorecorded.

Dated: March 19, 2026

/s/ *Chelsie L. Green*
Brian H. Barr (Fla. Bar No. 493041)
William F. Cash III (Fla. Bar No. 68443)
Chelsie L. Green (Fla. Bar No. 1008278)
**LEVIN, PAPANTONIO, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7000
Email: cgreen@levinlaw.com

Benjamin Berkman
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Telephone: (312)253-1000
Fax: (312)458-1004

Natalie Jackson (Fla. Bar No. 646075)
**BEN CRUMP LAW, PLLC**
121 South Orange Ave.
Suite 1500
Orlando, FL 32801
Telephone: (407) 749-9702
Email: natalie@bencrump.com

*Counsel for Plaintiff*