# **Exhibit 6**

LEVIN PAPANTONIO
PROCTOR | BUCHANAN | O'BRIEN
BARR | MOUGEY | P.A.

April 23, 2026

**Via Electronic Mail**
Michael Spellman

**RE: Fortson v. Eric Aden et al. Plaintiff's Challenges to Sheriff Aden Privilege Claims**

Dear Mr. Spellman:

Thank you for sending the privilege log spreadsheet for review. At the outset, Plaintiff notes that the privilege log did not include descriptions of the documents that were withheld, which limits Plaintiff's ability to assess the Sheriff's privilege assertions. Nonetheless, the information that *is* provided on the privilege log raises significant questions regarding the process used to evaluate documents for privilege. The frequent presence of third parties—including Plaintiff's counsel—repeatedly throughout the privilege log, in combination with the wholesale inclusion of virtually every communication with a public relations firm and nearly every communication with OCSO's General Counsel, suggests a haphazard process in which privilege was asserted on a wholesale basis. But litigants must conduct privilege reviews with a scalpel, not a machete, to ensure that all responsive, non-privileged documents are produced.

The following are examples of concerning privilege assertions that appear repeatedly throughout the log:

- The privilege log reflects an improper assertion of attorney-client privilege over numerous communications involving the Sheriff's Office's public relations firm. The attorney-client privilege is strictly limited to confidential communications between attorney and client made for the purpose of obtaining or rendering legal advice—it does not extend to communications shared with third parties whose presence is not necessary to facilitate that legal advice. The voluntary inclusion of a public relations firm, with no recognized role in the provision of legal advice, on these communications constitutes a waiver of any privilege that might otherwise attach. Further, the sheer volume of communications on the log bearing the PR firm's involvement strongly suggests that the Sheriff's Office has withheld these documents categorically, without conducting the individualized, document-by-document analysis required to sustain a valid privilege claim. Plaintiff requests that the Sheriff's Office review and produce all communications involving the PR firm for which no legitimate, non-waived privilege can be demonstrated, and provide a revised log with particularized justification for any documents it continues to withhold.

- The log includes communications with additional third parties who are plainly not aligned with the Sheriff's Office for purposes of the privilege—such as Duran's former employer, Altus, OK, FDLE, the Air Force, media entities, and others. The presence of these outside parties on withheld communications is a further indicator that the privilege review was conducted on an overbroad basis without proper regard for whether each communication actually qualifies for protection. For the reasons previously stated, Plaintiff requests that the Sheriff's Office review and produce all communications involving third parties for which no legitimate, non-waived privilege can be demonstrated, and provide a revised log with particularized justification for any documents it continues to withhold.

- The log also includes communications between the Florida Sheriffs Risk Management Fund and non-attorneys at the Sheriff's Office. Communications of this nature are not typically shielded by attorney-client privilege or work product protection, and these documents are highly relevant in this litigation. We do not believe these documents should have been withheld.

- The privilege log reflects a facially improper assertion of privilege with respect to General Counsel Marsha Weaver. Despite the Sheriff's Office having produced virtually no emails involving Ms. Weaver, her name appears throughout the privilege log repeatedly. As you are aware, attorney-client privilege protects only communications made for the purpose of obtaining or rendering legal advice—it does not attach to a communication merely because an attorney is a party to it. Where the record indicates that Ms. Weaver serves in both an operational and legal capacity, the privilege log must distinguish between communications in which she was acting as legal counsel and those in which she was acting in a business or administrative capacity—and the Sheriff's Office has wholly failed to do so. The blanket withholding of virtually every communication involving Ms. Weaver, without regard to subject matter or the presence of third parties, is precisely the kind of indiscriminate, "just-in-case" privilege designation that courts have repeatedly condemned. Plaintiff requests that the Sheriff's Office conduct a proper, document-by-document privilege review for all communications involving Ms. Weaver and provide an amended log that adequately supports each claim of privilege.

- The inclusion of communications from *Plaintiff's Counsel* are indicative of a questionable process to accurately assess privilege claims that we'd like to discuss further.

Because the Sheriff has both (1) failed to provide a description of the withheld documents; and (2) appears to have withheld an exceedingly large number of documents that are very evidently unprivileged, Plaintiff is lodging challenges to a substantial number of documents included on the log. Since the privilege log contains over 1700 rows, Plaintiff has divided the privilege log into categories based on our understanding of the documents being withheld and our respective challenges in the attached spreadsheet. These challenges relate to the privilege claims contained in Sheriff Aden's Privilege Report-FINAL produced on 2/3/2026. The spreadsheet identifies which proposed privilege claims are challenged using a numerical category system.

For convenience, please see below categorization of Plaintiff's challenges to the privilege log:

- **Category 1** challenges are those that contain a public relations firm, a third-party communication, and therefore not an attorney client communication or such privilege has been waived.
- **Category 2** challenges are documents that do not contain sufficient information to make a determination on the privilege, e.g. no author, no subject or it's an image.
- **Category 3** challenges the designation of privilege completely.

We would like to discuss these privilege claims/challenges and see what can be narrowed and/or resolved. In addition, Plaintiff requests that the Sheriff provide an actual description of each withheld or redacted document be provided in accordance with Federal Rule of Civil Procedure 26(b)(5)(A)(ii)'s requirement that documents be described in a "manner that . . . will enable other parties to assess the claim.".

Please advise of your availability to meet and confer regarding these challenges. In the event you agree with some of our assertions, we ask that you provide an amended privilege log and additional production of documents prior to a meet and confer.

Sincerely,

Sara Papantonio