# Exhibit 8

SPELLMAN
LAW P.A.

Michael P. Spellman
Matthew J. Carson
Christen A. Petruzzelli
Dawn Pompey Whitehurst

June 16, 2026

**VIA ELECTRONIC MAIL ONLY**

Sara T. Papantonio
Chelsie L. Green
Levin Papantonio Proctor
Buchanan O'Brien Barr
Moughey, P.A.
316 S. Baylen Street, Suite 600
Pensacola FL 32502

Benjamin A. Berkman
Romanucci & Blandin
321 N. Clark Street, Suite 900
Chicago, IL 60654

**Re: Chantimekki Fortson, etc., et al. v. Sheriff Eric Aden, etc., et al.**
**Privilege Log and ESI follow up**

Dear Counsel,

On May 14, 2026, we met and conferred regarding concerns Plaintiff expressed about the privilege log served on the Sheriff's behalf, ESI production issues, and the scheduling of a second round of depositions. The second round of depositions have since been scheduled, and this letter does not address them.

The second pass of Sheriff Aden's mailbox has been completed and is in the hands of our vendor. I anticipate you will receive all responsive records today. The next mailbox we are searching is that of Captain Wagner. We anticipate needing three weeks to complete both a first and second pass, or, until July 8.

In collecting the estimated 12,000 documents we produced, we applied privilege objections across a broad set of categories, such as emails in which the Sheriff's General Counsel was a sender or recipient, or communications with a public relations firm hired by the Sheriff's Office in the aftermath of the shooting incident. Our original privilege log contained just under 1,700 emails and their attachments. Notably, every email for which privilege was asserted was created ***after*** the shooting at issue in this lawsuit. Admittedly, as we reviewed and coded the documents as privileged on our ESI platform, we failed to describe the nature of the documents listed in sufficient detail for the assertion of privilege to be assessed. We appreciate the opportunity to revisit that log in an attempt to resolve your concerns.

Since our call, we have revisited a sample of 70 documents. On average, it takes about one minute (60 seconds) to assess each document for privilege and/or to adequately describe in sufficient detail the specifics of the privilege, if one is being asserted. Based on

this average, we anticipate that to review every document listed by Plaintiff will require 22 additional hours of attorney time.

While we understand your position that we have not complied with the strict reading of asserting privilege, we continue to have concerns regarding the proportionality of your demand that we revisit all these documents. The legal theories you have asserted against the Sheriff's Office allege one claim seeking *Monell* liability and another claim under state tort law based upon vicarious liability. Absent ratification, the legal theories asserted by Plaintiff focus on what the Sheriff's Office knew, should have known, did, or failed to do ***prior to*** the shooting. Liability based on ratification -- as rare a claim as it is -- is clearly not supported here, as within one month of the shooting, the Sheriff's Office terminated Mr. Duran. Ratification is, by definition, the policymaker putting a stamp of approval on the act. Termination of employment is the inverse: an affirmative repudiation of the conduct, not adoption of it as municipal policy. With no leg to stand on for asserting a ratification claim, discovery of information after the fact is not proportional to the needs of this case.

We have expended in attorney/paralegal time and ESI vendor costs in excess of $50,000, and we are still searching mailboxes using the search parameters agreed to by the parties. This is already far too much, and disproportionate to the needs of this case. To spend another $10,000 to review documents created after this incident seems unreasonable and more form than substance for the reasons explained above.

As such, we ask that you justify why your demand is proportional or whether there is a less time-consuming and less expensive method we can satisfy your concerns that the documents being withheld are somehow probative or supportive of either of Plaintiff's claims.

Thank you.

Very truly yours,



Michael P. Spellman

MPS/