# Exhibit 9

ROMANUCCI BLANDIN | LAW

July 14, 2026

**<u>VIA ELECTRONIC MAIL ONLY</u>**
Michael P. Spellman
Spellman Law P.A.
905 East Park Avenue
Tallahassee, FL 32301

Re: *Chantimekki Fortson, etc., et al. v. Sheriff Eric Aden, etc., et al.*, No. 3:25-cv-00591-TKW-ZCB (N.D. Fla.) — Response to Your June 16, 2026 Letter; Privilege Log Deficiencies; Outstanding Discovery

Dear Counsel:

We write in response to your June 16, 2026 letter concerning the Sheriff's privilege log and ESI production, and to address two additional, serious discovery deficiencies: the Sheriff's failure to produce the forensic extraction of Roger Fortson's cell phone, and the wiping of Deputy Duran's cell phone in June 2024, after the Sheriff's preservation obligations had unquestionably attached. We request complete responses on each issue below by July 28, 2026.

## I. The Sheriff Must Provide a Compliant Privilege Log

Rule 26(b)(5)(A) requires a party withholding otherwise discoverable information on privilege grounds to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." What the Sheriff has served instead is a raw export from your ESI vendor listing thousands of withheld documents without a description of the nature or subject matter of a single one of them. Some of the withheld communications include attorneys; many do not. As to those that include an attorney, the mere presence of an attorney's name on an email does not establish privilege, and without any description of the communication we cannot assess whether it was made for the purpose of seeking or providing legal advice. As to those that include no attorney at all, the log offers no discernible basis for the privilege assertion whatsoever. It has now been many months since the Sheriff made his document production, and the Sheriff still has not complied with the Rules. Indeed, your June 16 letter concedes the point: "we failed to describe the nature of the documents listed in sufficient detail for the assertion of privilege to be assessed."

Your letter does not contend that the Sheriff has complied with Rule 26(b)(5); it tacitly acknowledges that he has not, and instead asserts that preparing a compliant log would be unduly burdensome and disproportionate. That is not a proper objection, and it comes far too late. The Sheriff did not object to the Requests for Production that call for these very documents. RFP 9, for example, sought "[a]ll Documents related to the Incident, including but not limited to . . . all communications related to the Incident (including text messages, emails, and social media messages)," and the Sheriff responded—without objection—that he "is producing all responsive documents." The Sheriff does not and cannot reasonably dispute that the withheld documents are documents related to the Incident: by your own description, every withheld email post-dates the shooting and falls into categories such as communications with the Sheriff's General Counsel and

communications with the public relations firm the Sheriff's Office retained "in the aftermath of the shooting incident." Having chosen to withhold thousands of concededly responsive documents on privilege grounds, the Sheriff cannot now lodge a burdensomeness objection to performing the work Rule 26(b)(5) requires of every party that asserts privilege. Any burden here is entirely self-inflicted—the consequence of failing to prepare a proper log in the first instance—and by your own estimate the task would require approximately 22 hours of attorney time, which is not remotely undue in a case of this nature. Nor does your merits argument regarding ratification excuse compliance: the Sheriff preserved no relevance or proportionality objection to these requests, and Rule 26(b)(5) contains no exception permitting a party to withhold responsive documents while refusing to describe them.

Even setting waiver aside, your suggestion that the withheld post-incident communications are irrelevant fails on its own terms. First, it assumes that Plaintiff seeks these documents only in connection with the *Monell* claim. That is not true. But in any event, on the claims against both Deputy Duran and Sheriff Aden, Plaintiff must prove that Deputy Duran's actions violated Mr. Fortson's constitutional rights. The withheld communications directly concern the very incident in which Mr. Fortson's rights were violated. The notion that the Sheriff's Office's own communications about the incident are irrelevant to the incident is facially absurd. No one would say that statements made by a party about an incident that is the subject of litigation are irrelevant simply because they were made after the incident occurred. That is not how evidence works.

To be clear, we are not requesting that the Sheriff log communications with litigation counsel (i.e., your firm). We are requesting that the Sheriff log the other withheld communications in accordance with our prior correspondence, which identified—category by category, in advance of the parties' May 14, 2026 conferral—our specific concerns that the log does not provide enough information for us to meaningfully assess the privilege claims.

Please produce a complete privilege log, compliant with Rule 26(b)(5), by **July 28, 2026**. The Sheriff has had more than enough time to produce a compliant log. We will view the failure to do so by July 28, 2026 as a waiver of the asserted privileges, and we will seek relief from the Court.

## II. The Sheriff Must Produce the Forensic Extraction of Mr. Fortson's Cell Phone

Multiple documents—from both OCSO and FDLE—indicate that OCSO successfully performed a Cellebrite forensic extraction of Mr. Fortson's cell phone within days of the shooting, and that the extraction remains in the Sheriff's possession:

> **OCSO's own incident report (OSA001720–22).** In a May 7, 2024 supplement to OCSO incident report OCSO24OFF005964, captioned "CELL PHONE EXTRACTION RPT," Senior Investigator/CFCE Michael Evans documented "a cellular electronic device extraction completed on May 6, 2024" of Mr. Fortson's iPhone 14 (Case Item Number 003, Evidence Number OCSO24EVP004441), pursuant to a search warrant. The report states that Investigator Evans connected the device to "the Cellebrite Premium (Version 769.0.1397) forensic extraction tool" and that "[t]he tool was able to obtain an After First Unlock (AFU) [extraction] of the device." Critically, the report confirms both that the extraction exists and where it resides: "The original extraction report was placed and will

be maintained on the OCSO Cyber Crimes data server and on Evidence.com. A copy of the extraction report was made available to the case officer and the Florida Department of Law Enforcement." (OSA001721–22.)

**FDLE's investigative reports confirm the same.** FDLE documented receiving from OCSO a hard drive containing, among other things, "downloaded information related to Roger Fortson's cell phone." (OSA001336.) FDLE Digital Forensic Consultant Russ Nelson's report states that "[t]he phone had already been previously successfully extracted by Investigator (INV) Mike Evans from OCSO using Cellebrite Premium," that DFC Nelson "opened that report," and that—after FDLE's own extraction attempts failed—he "searched the existing Cellebrite report from OCSO for further items of interest." (OSA001414–15.) A further FDLE report documents that on June 17, 2024, SA Bryan Barton "reviewed the forensic download" of Mr. Fortson's phone, including its call logs and SMS messages, and "created a Cellebrite report of all the discovered items of evidence located in the forensic download." (OSA001417–18.)

The forensic extraction has not been produced, even though it is plainly responsive to multiple Requests—including RFP 9 (all documents related to the Incident, to which the Sheriff responded without objection that he "is producing all responsive documents") and RFP 13 (all documents related to any investigation of the Incident conducted by the Sheriff). It sits on the Sheriff's own Cyber Crimes data server and on Evidence.com. Please produce the complete forensic extraction of Mr. Fortson's cell phone—in native format, together with all associated Cellebrite extraction reports—by July 28, 2026.

## III. The Wiping of Deputy Duran's Cell Phone

A document produced in this litigation indicates that Deputy Duran's phone was wiped in June 2024, shortly after his termination from OCSO. Specifically, SUPP_EMAIL0012391 is an automated alert from IBM MaaS360—the Sheriff's Office's own mobile device management platform (the alert directs support inquiries to ithelp@sheriff-okaloosa.org)—sent to Deputy Duran's OCSO email address (eduran@sheriff-okaloosa.org) on June 3, 2024 at 6:17 p.m. The subject line reads "IBM MaaS360: Successful Device Wipe Alert," and the message states: "Your mobile device was wiped successfully," identifying the device as an iPhone, username "durane," Device ID ApplL9V9MMW3HC, with an action submitted date of June 3, 2024 at 18:17:48 GMT and an action completion date seconds later.

This is deeply concerning. The shooter's cell phone was wiped—through the Sheriff's Office's own device management system—one month after the shooting and immediately on the heels of Deputy Duran's termination. And it occurred at a time when, by the Sheriff's own account, litigation was anticipated: the Sheriff has withheld as work product documents created "in anticipation of litigation" beginning almost immediately after the shooting, and your export of privileged documents asserts privilege over communications post-dating the shooting from the outset. The Sheriff's duty to preserve evidence—including the contents of Deputy Duran's phone—plainly attached well before June 3, 2024.

By **July 28, 2026**, please: (1) explain all relevant circumstances regarding the wiping of Deputy Duran's cell phone, including who initiated and who authorized the wipe, when and why it was

ROMANUCCI BLANDIN | LAW

performed, under what policy or practice, and whether a litigation hold was in place at the time (and, if so, when it was issued and to whom); (2) identify all steps taken to preserve the contents of Deputy Duran's cell phone, including any backup, imaging, or extraction performed before the device was wiped; and (3) produce all extractions, backups, images, or other data or documents that OCSO obtained from the cell phone. Plaintiff reserves all rights with respect to this issue, including under Rule 37(e).

We remain available to meet and confer on any of the foregoing.

Best,

*/s/ Benjamin Berkman*

Benjamin Berkman
ROMANUCCI & BLANDIN, LLC
Counsel for Plaintiff