# Exhibit 10

SPELLMAN
LAW P.A.

Michael P. Spellman
Matthew J. Carson
Christen A. Petruzzelli
Dawn Pompey Whitehurst

August 3, 2026

**VIA Electronic Mail Only**

Sara T. Papantonio
Chelsie L. Green
Levin Papantonio Proctor
Buchanan O'Brien Barr
Moughey, P.A.
316 S. Baylen Street, Suite 600
Pensacola FL 32502

Benjamin A. Berkman
Romanucci & Blandin
321 N. Clark Street
Suite 900
Chicago, IL 60654

**Re: Chantimekki Fortson, etc., et al. v. Sheriff Eric Aden, etc., et al.**
**Privilege Log and ESI follow up**

Dear Counsel,

This letter is written in response to your letter of July 14, 2026, regarding the Sheriff's privilege log, the forensic extraction of Roger Fortson's cell phone, and the wiping of Deputy Duran's cell phone. This letter is meant to replace my letter of July 28, 2026.

Privilege Log

We appear to be going in circles about the Sheriff's privilege log. We understand your reliance on the procedural aspect of the log; we have been frank that our log failed to describe the nature of the 1,700 documents at issue in sufficient detail.

You have provided us with nothing but general platitudes – such as, "The withheld communications directly concern the very incident in which Mr. Fortson's rights were violated" – to support your assertion the discovery is proportional to the needs of this case. This is simply not enough. The test to determine proportionality takes several factors into account, and the ones we continue to believe remain lacking are "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." We have made this clear in our previous correspondence and we do so again: what is the specific issue that will be resolved for the burden and expense of reviewing and combing through hundreds of post-incident communications with a public relations firm and the Sheriff's General Counsel, among others? If we can be given something more informative, perhaps we can resolve this. Talking around it, however, is getting us nowhere.

Extraction of Roger Fortson's cell phone

We apologize for not including the forensic extraction of Roger Fortson's cell phone in our past productions. The oversight was inadvertent and caused primarily because we have maintained the extraction on a separate hard drive due to its size (40 GB). We will produce the extraction in a supplemental production through a link.

Eddie Duran's cell phone

Immediately after the Sheriff terminated Eddie Duran, he returned all Sheriff-provided property to the Sheriff's Office. This occurred on or about May 30, 2024.

On May 10, 2024, the Sheriff's Office received a public records request from Ashley Roulston, paralegal with Ben Crump Law, PLLC. The request was received a couple of days after Mr. Crump held a press conference with Ms. Fortson and others, and requested, in total:

> This email is a public records request for the police report, body worn camera footage, 911 calls, and any other available records and recordings associated with the following incident:
>
> Incident Type: OIS
> Date of Incident: May 3, 2024
> Location of Incident: 317 Racetrack Rd NW, Fort Walton Beach, FL 32547
> Decedent's Name: Roger Fortson

Notably, the request did not seek any records from Deputy Duran's cell phone.

The next communication from anyone representing the Fortson family came on June 18, 2024, in a letter Mr. Crump sent via certified mail and email which constituted a Notice of Claim under Florida Law and a demand for $50 million. Again, there was no request concerning Mr. Duran's cell phone.

During FDLE's criminal investigation, the Sheriff's Office never received any request from any investigator for Mr. Duran's cell phone.

In short, no one – not Mr. Crump's team nor the body charged with the criminal investigation sought Mr. Duran's work-provided cell phone nor provided the Sheriff's Office any reason to maintain it. At Mr. Duran's termination, the cell phone was handled in the same manner as any other terminated deputy.

After receiving your letter, we obtained the printout of the May 2024 itemized calls as provided to the Sheriff's Office's by its cell phone carrier, which is provided with this letter. Beginning on May 3, the calls between 4:38 pm and 5:01 pm are all to Mr. Duran's wife. The

call at 5:52 pm is an incoming call from John Whitaker, Mr. Duran's lawyer. The one-minute call at 6:32 pm is from Corporal Duh; the call at 6:33 pm is from Corporal Vazquez; and the final call on May 3 is from Mr. Whitaker.

On May 4, one call is recorded – a one-minute call which originated from Chief Deputy Ken LaPee.

The calls on May 7 are unknown; the numbers are not agency-issued within the Sheriff's Office.

The first four calls on May 8 involve Mr. Whitaker. The last call of that day at 2:46 pm indicates Mr. Duran forwarded calls to his home phone or personal device.

On May 9, the call at 8:02 am is from Capt. Wagner. The remaining calls are call forwards to the home phone or personal device.

The call on May 10 is from Mr. Whitaker or his law firm.

On May 13, the first two one-minute calls involve Corporal Duh. The next call is from Mr. Whitaker and the last call is unknown.

The remaining calls are either call forwards or unknown.

Below the itemization of calls are the three text messages captured by the cell provider, only two of which post-dated the shooting incident. We do not know the identity of the May 14 recipient; the May 16 text is to Mr. Duran's legal counsel.

After you have had an opportunity to review this letter, please advise if you want to discuss any of the matters set forth herein.

Thank you.

Very truly yours,

Michael P. Spellman

MPS/lk