# Exhibit 11

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| CHANTIMEKKI FORTSON, individually and as the personal representative of the Estate of Roger Fortson,<br><br>Plaintiff,<br><br>*v.*<br><br>SHERIFF ERIC ADEN, *et al.*,<br><br>Defendants. | No. 3:25-cv-591-TKW-ZCB<br><br>Judge Wetherell<br><br>Magistrate Judge Bolitho |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT SHERIFF ERIC ADEN, IN HIS OFFICIAL CAPACITY**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Chantimekki Fortson, individually and as personal representative for the Estate of Roger Fortson, propounds the following Plaintiff's First Requests for Production of Documents ("RFP" or "Requests") to Defendant Sheriff Aden in his official capacity. Plaintiff requests that no later than thirty (30) days from date of service of these Requests, Defendant Aden produce for inspection and copying the documents, data and information described herein. Each of the following document requests (each "Request") is to be read in accordance with the definitions and instructions that follow:

## DEFINITIONS

Unless otherwise indicated, the following terms, whether used in singular or plural and without regard to capitalization, shall have the meanings set forth below and the following general instructions shall apply to these Requests:

1. Notwithstanding any definition set forth below, each word, term, or phrase used in the Request for Production is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and any applicable local rules.
2. "Incident" refers to the events that occurred on or about May 3, 2024, that resulted in the shooting death of Roger Fortson by Deputy Eddie Duran.
3. "Document" shall be construed to the broadest scope of things discoverable under Fed. R. Civ. P. 26, and coextensive with the meaning of the terms "documents" and "tangible things" in FRCP 34. The term document shall include, without limitation, all drafts and final versions of any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, handwritten notes, drafts, summaries, emails, memoranda, reports, videos, plans, or otherwise maintained or reproduced Communication, information or representation, any data compilation in any form.
4. "Electronically Stored Information" or "ESI" is used in the broadest possible sense permitted by Fed. R. Civ. P. 34 and includes: all e-mails, text messages and instant messages, all data created or transmitted by an app; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all presentation data or slide shows produced by presentation software; all graphs, charts and other data produced by project management software; any and all other files generated through the use of computers, PDAs, smart phones, tablets or apps; and writings, drawings, graphs,

charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by You into a reasonably usable form.

5. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) in any form, written, oral, audio, visual, graphic, electronic, or other exchange of words, thoughts, ideas, data, literature, or other information.

6. "Relate to," "relating to," "related to," and any other variants of that term mean referring to, pertaining to, reflecting, concerning, and their variants, and shall be construed to bring within the scope of the Requests any information that explicitly or implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of, the subject matter of the Requests.

7. "Investigating Entity" means any agency, governmental body, or organization independent of Okaloosa County Sheriff's Office that has conducted or is currently conducting an investigation into the Incident.

8. The terms "and" and "or" shall be construed either conjunctively or disjunctively as required by the context so as to bring within the scope of a Request any information that might otherwise be considered to be beyond it.

9. The terms "any," "all," and "each" shall be construed in the broadest sense possible to be consistent with an interpretation that results in a more expansive response.

10. The use of the singular form of any word shall be construed to include the plural and vice versa.

11. All terms following the word "including" are intended to illustrate the kinds of information responsive to the Request, and shall be construed as "including, but

not limited to." Such examples are not intended to be exhaustive of the information sought by the Request and shall not in any way be read to limit the scope of the Request. The use of a verb in any tense, voice, or mood shall be construed as the use of the verb in all other tenses, voices, or moods, as necessary to bring within the scope of the Request all Documents that might otherwise be construed to be outside of its scope.

12. Unless otherwise stated, the relevant time period is January 1, 2018, to the present.

## INSTRUCTIONS

The instructions set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure are incorporated herein by reference. The following instructions shall apply to these Requests:

1. Each Request shall be construed and answered separately and shall not be combined for the purpose of supplying a common response thereto. Each response shall set forth verbatim the Request to which it responds. The response to a Request shall not be supplied by referring to the response to another Request, unless the response referred to supplies a complete and accurate answer to the Request being answered.

2. You shall produce all Documents and ESI requested herein within your possession, custody, or control, regardless of whether such Documents and ESI are possessed directly by You or persons under Your control, including Your agents, employees, representatives, or attorneys, or their agents, employees, or representatives. Without limitation of the terms "possession, custody or control" as used in the preceding sentence, a Document or ESI is in Your possession, custody or control if You have actual possession or custody or the right to obtain the Document or ESI (or a copy thereof) upon demand. To the extent that You do not

have copies of Communications made or received by You that are responsive to these Requests (or records of such Communications), you must provide the consent necessary under the Stored Communications Act, see 18 U.S.C. § 2702(b)(3), to permit the providers of electronic communication services and remote computing services to produce the Documents and ESI.

3. You shall identify the Requests to which any produced materials are responsive by identifying the Bates number of the produced Document and the corresponding Request.

4. Each Document or ESI that is produced in response to these Requests must be produced in its entirety, including all attachments, even if only a portion of the Document or ESI is related to the specified subject matter. This means that You shall produce all appendices, tables, or other attachments to any Document or ESI. If an appendix, table, or other attachment is not presented with the original, but is attached to a copy thereof, or is otherwise available, it should be clearly identified to indicate the Document or ESI to which it corresponds.

5. If any Document or ESI that is referred to or requested in these Requests has been lost, discarded, or destroyed, including Documents or ESI not produced upon a claim of privilege, identify each such Document or ESI as completely as possible (see, e.g., identification information for privileged Documents), including: (a) the date of disposal or loss; (b) the person who authorized the disposal; (c) any person having knowledge of the disposal or loss; (d) the person who disposed of the Document or ESI; (e) the reason for the disposal; and (f) any retention/destruction logs or records reflecting the disposal.

6. The instructions relating to assertion of claims of privilege set forth in Fed. R. Civ. P. 26(b)(5) are hereby incorporated by reference. To the extent a requested Document contains nonprivileged information, the privileged information shall be redacted from the same and the redacted version of the Document produced. With

respect to each Document called for by these Requests that is withheld or redacted under a claim of privilege or otherwise, provide a privilege log that identifies each Document withheld or redacted, and states separately for each Document: (a) the nature of the privilege or immunity that is being claimed; (b) the type of Document; (c) the general subject matter of the Document; (d) the date of the Document; (e) the custodian from whose possession the Document is being produced; (f) the author(s) of the Document; and (g) the addressee(s) and/or recipient(s) of the Document.

7. To the extent any Request is objected to in whole or in part, state with specificity all grounds for objection, and produce all Documents responsive to those parts of the Requests as to which no objection is made. If You object to a Request on the ground that it is overly broad, provide such Documents that are within the scope of production that You believe is appropriate. If You object to a Request on the ground that to provide responsive Documents would constitute an undue burden, provide such responsive Documents as You believe can be supplied without undertaking an undue burden.

8. If You find the meaning of any term in any Request unclear, without waiver of Plaintiff's rights to seek a full and complete response to the Request, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Requests according to the assumed meaning.

9. If there are no Documents responsive to a particular Request, You shall so state in your response.

10. Whether or not You object, You must preserve all Documents potentially relevant to this action, including anything responsive to these Requests. You must also preserve all database hardware, software and log files; servers; archives; backup or recovery disks, files and servers; networks or computer systems including legacy systems; magnetic, optical or other storage media, including hard

drives and other storage media; laptops; personal computers; mobile phones; and audio systems. You must take every reasonable step to preserve this information until the final resolution of the above-captioned matter. This includes, but is not limited to, discontinuing all data destruction and backup recycling policies; preserving and not disposing relevant hardware unless an exact replica of the file is made; preserving passwords, encryption and accompanying decryption keys, network access codes including login names, and decompression or reconstruction software; and maintaining all other pertinent information and tools needed to access, review, or reconstruct all requested or potentially relevant Documents. Where any alterations or deletions of any of the Documents responsive to these Requests have been made since the filing of this action, You should provide a log detailing any alterations and deletions, the individual who made those alterations and deletions, and the purpose for which the alterations and deletions were made.

11. In addition to original and final versions of Documents, any Request for Documents includes a Request for all drafts, alterations, modifications, changes, and amendments of such Documents, as well as copies non-identical to the original in any respect, including any copies bearing non-identical markings or notations of any kind.

12. These Requests are continuing in nature. Pursuant to Fed. R. Civ. P. 26(e), any response hereto shall be supplemented promptly upon possession or discovery of other or additional information or Documents responsive to any Request herein.

## REQUEST FOR PRODUCTION

1. All Documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

2. All Documents that relate to, support or rebut the Defendants' answers and affirmative defenses.

3. All Documents that relate to, support or rebut, are referenced in, or which You relied upon in preparing any of Your responses to any of Plaintiff's Interrogatories and Requests for Admission in this case.

4. All Documents identified by the You pursuant to Rule 26(a)(1)(A)(ii).

5. All Documents obtained via third-party subpoena in this litigation.

6. All Documents that You may use solely for impeachment during any deposition, hearing, or trial in this case.

7. All Documents relating to any Rule 26(a)(2) expert witnesses retained by You in this matter, including but not limited to: All Communications to and from said expert(s) related to this litigation; All Documents provided to and/or relied upon by said expert(s) related to this litigation; All notes, reports, and analyses by said expert(s) related to this litigation, including any handwritten markings on any materials provided to the expert(s); All bills or statements of the hours and compensation paid to or billed by the expert(s) for work on this matter; and Any transcripts of prior testimony related to Rule 26(a)(2)(B) reports of said expert(s). Please note your continuing obligation to supplement your response to this request pursuant to Federal Rule of Civil Procedure 26(e).

8. Any and all demonstrative aids or exhibits which may be used at trial. Please note your continuing obligation to supplement your response to this request pursuant to Rule 26(e) as such information becomes available.

9. All Documents related to the Incident, including but not limited to: 911 dispatch records and recordings, use of force reports, incident reports and any other records or reports arising out of the Incident; photographs or diagrams; and all communications related to the Incident (including text messages, emails, and social media messages).

10. All video and audio recordings of the Incident (unedited and unredacted) by any body-worn cameras, in-car cameras and any other applicable sources.

11. All timesheets, time cards or personnel list showing all Okaloosa County Sheriff's employees who were on duty the day of the Incident.

12. All Documents related to any investigation of the Incident conducted by any Investigating Entity. This request includes all Communications between Defendants and any Investigating Entity related to the Incident or their investigation thereof; all Documents that Defendants have provided or produced to any Investigating Entity in connection with their investigation of the Incident; all witness statements and witness interviews conducted by any Investigating Entity; and all Documents related to any findings, conclusions or recommendations made by any Investigating Entity arising out of the Incident. For purposes of this Requests, Investigating Entity means any agency, governmental body, or organization independent of Okaloosa County Sheriff that has conducted or is currently conducting an investigation into the Incident.

13. All Documents related to any investigation of the Incident conducted by the Okaloosa County Sheriff. This request includes, but is not limited to, all after-action reports, witness statements, witness interviews, and reports, analyses, or assessments relating to the Incident.

14. All Documents related to any disciplinary proceedings, retraining or other corrective action taken against any Okaloosa County Deputy arising out of the Incident, including all Documents related to the termination of Defendant Duran

from the Okaloosa County Sheriff. This Request includes any documentation that shows how the decision came to be made to terminate Defendant Duran.

15. All disciplinary records for Defendant Duran, including misconduct complaints filed against him (whether filed by civilian or another officer) and all Documents related to any investigation of any such complaints, and any findings, conclusions, or recommendations resulting therefrom.

16. Documents sufficient to show all Okaloosa County Sheriff's policies, directives, rules, regulations, guidelines, procedures, practices, or planning documents in effect during the period May 3, 2018 to May 3, 2024 that were applicable to Defendant Duran.

17. All Documents reflecting Defendant Duran's training history and the written training materials used in each training that Defendant Duran received or participated in.

18. The employee/personnel file for Defendant Duran, including but not limited to performance evaluations, evaluation reports, certificates, psychological testing, retraining materials or reports of retraining, reports of reprimands and commendations, screening materials, hiring, application and selection materials, promotion materials and testing results.

19. All Documents showing Okaloosa County Sheriff's training materials in effect during the period of May 3, 2018 to present regarding or relating to the use of force, knock and announce procedures, lawful ownership and possession of firearms by members of the public, de-escalation, and address verification in responding to calls.

20. Documents sufficient to show any change made as a result of the Incident to any policy, practice, or training of Okaloosa County Sheriff's deputies.

21. Documents sufficient to show (a) all incidents during the period of May 3, 2014 to present, in which a Okaloosa County sheriff's Deputy used force against a

person, (b) any determination made by Okaloosa County Sheriff or an independent entity that any such use of force was in violation of the law or Okaloosa County Sheriff's policy, and (c) any discipline, retraining, or other corrective action taken or recommended as a result.

22. All records documenting the number of deputy-involved shootings per year from 2014 to present, including the names of the deputies, whether the subject was armed; whether body camera footage was available and whether discipline or retraining followed.

23. All communications, including emails, text messages, memoranda, and notes, between you or any representative of the Okaloosa County Sheriff and the U.S. Air Force regarding the shooting of Roger Fortson.

24. All documents relating to any calls for service or responses by Okaloosa County Sheriff's deputies to the Chez Elan Apartments in Fort Walton Beach, Florida, from January 1, 2023, to May 3, 2024.

25. All Documents that describe or show Your response to all communications from Defendant Duran made about the Incident.

26. All Communications between You and Defendant Duran post-termination for this Incident.

27. Documents sufficient to identify any policymaker who was responsible for or had final policymaking authority for any policy or practice of the Okaloosa County Sheriffs on the following topics:

a. Use of force by officers, deputies and employees of the Okaloosa County Sheriff;

b. Use of firearms by officers, deputies and employees of the Okaloosa County Sheriff's;

c. Respect for lawful firearm possession among members of the public by officers, deputies and employees of the Okaloosa County Sheriff;

d. Reporting by Okaloosa County Sheriff's officers, deputies and employees of police-civilian encounters involving the use of force;

e. Review of police reports, camera footage, and other available evidence related to use of force to identify improper uses of force, and documentation of any such reviews;

f. Investigation of civilian / citizen complaints related to use of force;

g. Officer discipline and disciplinary process; and

h. Knock-and-announce practices and procedures.

28. Documents sufficient to show the practices and policies of the Okaloosa County Sheriff relating to each of the subjects identified in RFP 27.

29. Documents sufficient to identify any effort of Okaloosa County Sheriff's policymaker(s) to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to any policy or practice relating to the topics identified in RFP 27.

30. All Documents relating to any change made to any policy or practice of the Okaloosa County Sheriff on any of the subjects identified in RFP 27.

31. Documents sufficient to show any and all recommendations made by any individual or entity, whether external or internal, related to the policies or practices of the Okaloosa County Sheriff on any of the subjects identified in RFP 27.

32. All insurance policies that may provide coverage for the claims asserted in this action, including but not limited to liability insurance, excess insurance, and umbrella policies.

33. All Documents relating to external investigation into You relating to the use of force or responses to calls at residences, including but not limited to citizen complaints, U.S. Department of Justice inquiries, press inquiries, public records requests and Your response to each.

34. All Documents relating to or reflecting any and all efforts to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to the use of force by Okaloosa County Sheriff's employees and officers between May 3, 2013 and the present.

35. All other lawsuits against You.

36. All Documents relating to Okaloosa County Sheriff's interactions with Mr. Fortson.

37. All documents relating to any criminal investigation or prosecution of Deputy Eddie Duran related to the shooting of Roger Fortson, including but not limited to investigative reports, charging documents, and court filings.

38. All written policies, standard operating procedures (SOPs), general orders, directives, or internal memos in effect on May 3, 2024, governing:

a. Response to domestic disturbance calls;
b. Warrantless entry into a home;
c. Knock and announce procedures;
d. Use of force;
e. Use of body-worn cameras.

39. All documents You intend to use, rely on or ask a deponent about in any deposition in this case.

40. Documents describing the organizational structure, including but not limited to organizational charts for the Okaloosa County Sheriff's Office.

Dated: October 20, 2025

/s/ Chelsie L. Green
Brian H. Barr (Fla. Bar No. 493041)
William F. Cash III (Fla. Bar No. 68443)
Chelsie L. Green (Fla. Bar No. 1008278)
**LEVIN, PAPANTONIO, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7000
Email: cgreen@levinlaw.com

/s/ Benjamin A. Berkman
Benjamin Berkman
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Telephone: (312)253-1000
Fax: (312)458-1004

/s/ Natalie Jackson
Natalie Jackson (Fla. Bar No. 646075)
**BEN CRUMP LAW, PLLC**
121 South Orange Ave.
Suite 1500
Orlando, FL 32801
Telephone: (407) 749-9702
Email: natalie@bencrump.com

*Counsel for Plaintiff*