**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**CHANTIMEKKI FORTSON, individually and as the Personal Representative of the Estate of Roger Fortson,**

**Plaintiff,**

**v.** **Case No.: 3:25-cv-00591-TKW-ZCB**

**SHERIFF ERIC ADEN, in his official capacity; and DEPUTY EDDIE DURAN, in his individual capacity, and JANE DOE,**

**Defendants.**
______________________________________/

**DEFENDANT SHERIFF ADEN'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Defendant, **SHERIFF ERIC ADEN, in his official capacity**, by and through undersigned counsel, and in accordance with Rule 34, Federal Rules of Civil Procedure, hereby serves his objections and responses to Plaintiff's First Request for Production as follows:

## QUALIFICATIONS AND GENERAL OBJECTIONS

A. Defendant does not intend the provisioning of these responses (or the production of materials or documents hereunder) to be construed as waiver of any claim of privilege, including attorney-client and work product. If a response (or the production of materials or documents hereunder) is made for which a claim of

privilege is applicable, any such response (or the production of materials or documents hereunder) shall be deemed inadvertent and shall not be deemed a waiver of privilege.

B. Defendant makes these responses (or the production of materials or documents hereunder) based upon a reasonable search of materials within the Defendant's possession, custody, and control.

C. The designation of documents as responsive to a specific request does not preclude that document from being responsive to other requests, nor does the failure to designate a document exclude a document from being responsive to other requests.

D. Defendant makes these responses (or the production of materials or documents hereunder) subject to the reservation and objection that certain material requested by Plaintiff may include confidential information. To the extent any document produced hereunder inadvertently contains such information, legal counsel for Plaintiff should immediately contact the undersigned to arrange for the return of such document(s) or the proper redaction of the confidential information.

## DOCUMENTS REQUESTED

1. All Documents that relate to, support, or rebut any of the allegations or claims in Plaintiff's Complaint.

**Response: The Sheriff is producing all responsive documents.**

2. All Documents that relate to, support or rebut the Defendants' answers and affirmative defenses.

**Response: The Sheriff is producing all responsive documents.**

3. All Documents that relate to, support or rebut, are referenced in, or which You relied upon in preparing any of Your responses to any of Plaintiff's Interrogatories and Requests for Admission in this case.

**Response: The Sheriff is producing all responsive documents.**

4. All Documents identified by the You pursuant to Rule 26(a)(1)(A)(ii).

**Response: The Sheriff is producing all responsive documents.**

5. All Documents obtained via third-party subpoena in this litigation.

**Response: There are no responsive documents at this time.**

6. All Documents that You may use solely for impeachment during any deposition, hearing, or trial in this case.

**Response: The Sheriff objects to this Request on the basis that it invades the mental impressions and litigation strategy protected by the work product doctrine.**

7. All Documents relating to any Rule 26(a)(2) expert witnesses retained by You in this matter, including but not limited to: All Communications to and from said expert(s) related to this litigation; All Documents provided to and/or relied upon by said expert(s) related to this litigation; All notes, reports, and analyses by said expert(s) related to this litigation, including any handwritten markings on any materials provided to the expert(s); All bills or statements of the hours and compensation paid to or billed by the expert(s) for work on this matter; and Any transcripts of prior testimony related to Rule 26(a)(2)(B) reports of said expert(s). Please note your continuing obligation to supplement your response to this request pursuant to Federal Rule of Civil Procedure 26(e).

**Response: There are no responsive documents at this time.**

8. Any and all demonstrative aids or exhibits which may be used at trial. Please note your continuing obligation to supplement your response to this request pursuant to Rule 26(e) as such information becomes available.

**Response: There are no responsive documents at this time.**

9. All Documents related to the Incident, including but not limited to: 911 dispatch records and recordings, use of force reports, incident reports and any other records or reports arising out of the Incident; photographs or diagrams; and all communications related to the Incident (including text messages, emails, and social media messages).

**<u>Response:</u> The Sheriff is producing all responsive documents. As agreed to by the parties, the documents which are in the form of emails and text messages will be produced at a later date.**

10. All video and audio recordings of the Incident (unedited and unredacted) by any body-worn cameras, in-car cameras and any other applicable sources.

**<u>Response:</u> The Sheriff is producing all responsive recordings.**

11. All timesheets, time cards or personnel list showing all Okaloosa County Sheriff's employees who were on duty the day of the Incident.

**<u>Response:</u> As agreed to by counsel for the parties, in response to this Request, the Sheriff is producing the duty roster of all sworn personnel on duty on May 3, 2024.**

12. All Documents related to any investigation of the Incident conducted by any Investigating Entity. This request includes all Communications between Defendants and any Investigating Entity related to the Incident or their investigation thereof; all Documents that Defendants have provided or produced to any Investigating Entity in connection with their investigation of the Incident; all witness statements and witness interviews conducted by any Investigating Entity; and all Documents related to any findings, conclusions or recommendations made by any Investigating Entity arising out of the Incident. For purposes of this Requests, Investigating Entity means any agency, governmental body, or organization

independent of Okaloosa County Sheriff that has conducted or is currently conducting an investigation into the Incident.

**Response: The Florida Department of Law Enforcement conducted the criminal investigation of Defendant Duran's use of deadly force. The Sheriff has not been privy to or been a part of that investigation and the investigative materials have not been shared with or provided to the Sheriff. To the extent there are communications between the Sheriff and personnel with the Florida Department of Law Enforcement about the investigation, those responsive documents will be produced. Because many if not all of those documents are in email communications, as agreed to by counsel for the parties, the responsive documents will be produced at a later date.**

13. All Documents related to any investigation of the Incident conducted by the Okaloosa County Sheriff. This request includes, but is not limited to, all after-action reports, witness statements, witness interviews, and reports, analyses, or assessments relating to the Incident.

**Response: The Sheriff is producing any responsive and non-privileged documents. Any investigative documents done by or at the instruction of counsel in anticipation of litigation are being withheld pursuant to the work product doctrine.**

14. All Documents related to any disciplinary proceedings, retraining or other corrective action taken against any Okaloosa County Deputy arising out of the Incident, including all Documents related to the termination of Defendant Duran from the Okaloosa County Sheriff. This Request includes any documentation that shows how the decision came to be made to terminate Defendant Duran.

**Response: The Sheriff is producing all responsive documents.**

15. All disciplinary records for Defendant Duran, including misconduct complaints filed against him (whether filed by civilian or another officer) and all Documents related to any investigation of any such complaints, and any findings, conclusions, or recommendations resulting therefrom.

**Response: The Sheriff is producing all responsive documents.**

16. Documents sufficient to show all Okaloosa County Sheriff's policies, directives, rules, regulations, guidelines, procedures, practices, or planning documents in effect during the period May 3, 2018 to May 3, 2024 that were applicable to Defendant Duran.

**Response: As agreed to by counsel for the parties, in response to this Request, the Sheriff is producing all General Orders, Standard Operating Procedures and other policies in effect on May 3, 2024, and an index or table of contents for all similar documents for the previous years within the scope of the Request.**

17. All Documents reflecting Defendant Duran's training history and the written training materials used in each training that Defendant Duran received or participated in.

**Response: The Sheriff is producing all responsive documents within the possession of the Sheriff's Office.**

18. The employee/personnel file for Defendant Duran, including but not limited to performance evaluations, evaluation reports, certificates, psychological testing, retraining materials or reports of retraining, reports of reprimands and

commendations, screening materials, hiring, application and selection materials, promotion materials and testing results.

**Response: The Sheriff is producing all responsive documents.**

19. All Documents showing Okaloosa County Sheriff's training materials in effect during the period of May 3, 2018 to present regarding or relating to the use of force, knock and announce procedures, lawful ownership and possession of firearms by members of the public, de-escalation, and address verification in responding to calls.

**Response: The Sheriff is producing all responsive documents.**

20. Documents sufficient to show any change made as a result of the Incident to any policy, practice, or training of Okaloosa County Sheriff's deputies.

**Response: The Sheriff is not aware of any responsive documents.**

21. Documents sufficient to show

a) all incidents during the period of May 3, 2014 to present, in which a Okaloosa County sheriff's Deputy used force against a person,
b) any determination made by Okaloosa County Sheriff or an independent entity that any such use of force was in violation of the law or Okaloosa County Sheriff's policy, and
c) any discipline, retraining, or other corrective action taken or recommended as a result.

**Response: The Sheriff objects to this Request on the basis that it is overbroad and not proportional to the needs of this case. The Request seeks documents related to any use of force, despite the only force at issue in this case being deadly force.**

22. All records documenting the number of deputy-involved shootings per year from 2014 to present, including the names of the deputies, whether the subject was armed; whether body camera footage was available and whether discipline or retraining followed.

**Response:** **The Sheriff is producing all responsive documents.**

23. All communications, including emails, text messages, memoranda, and notes, between you or any representative of the Okaloosa County Sheriff and the U.S. Air Force regarding the shooting of Roger Fortson.

**Response:** **As agreed to by counsel for the Parties, emails and other communications like those which are responsive to this request are being produced at a later time.**

24. All documents relating to any calls for service or responses by Okaloosa County Sheriff's deputies to the Chez Elan Apartments in Fort Walton Beach, Florida, from January 1, 2023, to May 3, 2024.

**Response:** **The Sheriff is producing all responsive documents.**

25. All Documents that describe or show Your response to all communications from Defendant Duran made about the Incident.

**Response:** **The Sheriff is producing all responsive documents.**

26. All Communications between You and Defendant Duran post-termination for this Incident.

**Response:** **The Sheriff is producing all responsive documents.**

27. Documents sufficient to identify any policymaker who was responsible for or had final policymaking authority for any policy or practice of the Okaloosa County Sheriffs on the following topics:

d) Use of force by officers, deputies and employees of the Okaloosa County Sheriff;
e) Use of firearms by officers, deputies and employees of the Okaloosa County Sheriff's;
f) Respect for lawful firearm possession among members of the public by officers, deputies and employees of the Okaloosa County Sheriff;
g) Reporting by Okaloosa County Sheriff's officers, deputies and employees of police-civilian encounters involving the use of force;
h) Review of police reports, camera footage, and other available evidence related to use of force to identify improper uses of force, and documentation of any such reviews;
i) Investigation of civilian / citizen complaints related to use of force;
j) Officer discipline and disciplinary process; and
k) Knock-and-announce practices and procedures.

**Response: Since being sworn in on January 5, 2021, Sheriff Aden has been the final policymaker of the Okaloosa County Sheriff's Office. Documents identifying him as such would include all General Orders and Standard Operating Procedures which are being produced in response to a separate Request.**

28. Documents sufficient to show the practices and policies of the Okaloosa County Sheriff relating to each of the subjects identified in RFP 27.

**Response: The Sheriff is producing all responsive documents.**

29. Documents sufficient to identify any effort of Okaloosa County Sheriff's policymaker(s) to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other

problem relating to any policy or practice relating to the topics identified in RFP 27.

**Response: The Sheriff objects to the vague and undefined use of the term "policymaker." Because this case is brought under 42 U.S.C. § 1983, it is assumed that Plaintiff's use of the term means the final policymaker as defined in Section 1983 jurisprudence. Sheriff Aden is and has been the only final policymaker of the Okaloosa County Sheriff's Office since he was sworn in as Sheriff on January 5, 2021.**

**In accordance with Okaloosa County Sheriff's Office General Order regarding Response to Resistance Reporting and to satisfy the requirements of the Commission for Florida Law Enforcement Accreditation Standard 4.09, the Office of Professional Standards conducts a comprehensive analysis of Response to Resistance (Use of Force) Incidents, each calendar year. Throughout the year, the agency reviews each of the Subject Resistance Reports (SRR's), commonly referred to as Use of Force Reports, to ensure the force utilized was used to accomplish lawful objectives, within established guidelines, and in compliance with Okaloosa County Sheriff's Office policies. Questionable events, if any, are thoroughly investigated by the Office of Professional Standards. After a thorough internal investigation of each event, the Office of Professional Standards determines whether the event was within or outside the policies and guidelines of the agency. All sworn personnel are trained and qualified to utilize pistols, rifles, and shotguns in lethal force situations. At the end of each calendar year, the Office of Professional Standards published its annual analysis which reports for that calendar year the total number of reported encounters of resistance (which includes vehicle pursuits) and compares that number to past years. In addition, the uses of force are broken down into the type of force (i.e., lethal force, Taser, canine, etc.) and analyzes trends associated with them as compared to previous years. Those reports are being produced. The Sheriff is unaware of any other responsive documents.**

30. All Documents relating to any change made to any policy or practice of the Okaloosa County Sheriff on any of the subjects identified in RFP 27.

**Response: The Sheriff is not aware of any responsive documents.**

31. Documents sufficient to show any and all recommendations made by any individual or entity, whether external or internal, related to the policies or practices of the Okaloosa County Sheriff on any of the subjects identified in RFP 27.

**Response:** **The Sheriff is producing all responsive documents.**

32. All insurance policies that may provide coverage for the claims asserted in this action, including but not limited to liability insurance, excess insurance, and umbrella policies.

**Response:** **The Sheriff is producing all responsive documents.**

33. All Documents relating to external investigation into You relating to the use of force or responses to calls at residences, including but not limited to citizen complaints, U.S. Department of Justice inquiries, press inquiries, public records requests and Your response to each.

**Response:** **The Sheriff objects to this request on the basis that it is overbroad and not proportional to the needs of this case. The request encompasses all uses of force and not only the use of deadly force, as alleged in this case. The Sheriff is unaware of any external investigations into the Sheriff relating to the use of any force or responses to calls at residences from citizen complaints or the U.S. Department of Justice. As it concerns press inquiries and public records requests, as written and applied to all uses of force, the Sheriff objects to the burdensome nature required to search and sift through all press inquiries and public records requests to determine if they relate to some type of force used which, especially in the context of a public records request, may be indiscernible. To the extent this request can be narrowed to press inquiries and public records requests related to the use of deadly force, the Sheriff can isolate**

**the few occasions such force has occurred and focus on press inquiries and public records requests which surrounded that event.**

34. All Documents relating to or reflecting any and all efforts to review, investigate, analyze, uncover, prevent, or determine the prevalence of any misconduct, deficiency, shortcoming, or other problem relating to the use of force by Okaloosa County Sheriff's employees and officers between May 3, 2013 and the present.

**Response:** **In accordance with Okaloosa County Sheriff's Office General Order 04.04 – Response to Resistance Reporting and to satisfy the requirements of the Commission for Florida Law Enforcement Accreditation Standard 4.09, the Office of Professional Standards conducts a comprehensive analysis of Response to Resistance (Use of Force) Incidents, each calendar year. Throughout the year, the agency reviews each of the Subject Resistance Reports (SRR's), commonly referred to as Use of Force Reports, to ensure the force utilized was used to accomplish lawful objectives, within established guidelines, and in compliance with Okaloosa County Sheriff's Office policies. Questionable events, if any, are thoroughly investigated by the Office of Professional Standards. After a thorough internal investigation of each event, the Office of Professional Standards determines whether the event was within or outside the policies and guidelines of the agency. All sworn personnel are trained and qualified to utilize pistols, rifles, and shotguns in lethal force situations. At the end of each calendar year, the Office of Professional Standards published its annual analysis which reports for that calendar year the total number of reported encounters of resistance (which includes vehicle pursuits), and compares that number to past years. In addition, the uses of force are broken down into the type of force (i.e., lethal force, Taser, canine, etc.) and analyzes trends associated with them as compared to previous years.**

**The Annual Analysis of Use of Force Incidents for calendar years 2013 through 2024 are being produced. In addition, spreadsheets which list all uses of force between 2021 and 2024 are being produced and a summary document for uses of force between 2013 and 2020.**

35. All other lawsuits against You.

**Response: The Sheriff objects to this Request on the basis that it is not proportional to the needs of this case for several reasons. The burden it imposes on the Sheriff outweighs its likely benefit in resolving any of the claims or defenses. Producing "all other lawsuits" against the Sheriff would potentially any kind of lawsuit, including auto accidents, cases involving other negligence, alleged freedom of speech violations, etc., which is outside the scope of the information relevant to the issues in this case. Moreover, the information sought by Plaintiff is easily accessible to her and allows her to shoulder the burden of reviewing all case files involving the Sheriff for whatever valuable information she believes is warranted.**

36. All Documents relating to Okaloosa County Sheriff's interactions with Mr. Fortson.

**Response: The Sheriff is producing all responsive documents.**

37. All documents relating to any criminal investigation or prosecution of Deputy Eddie Duran related to the shooting of Roger Fortson, including but not limited to investigative reports, charging documents, and court filings.

**Response: The Sheriff does not have possession of documents relating to the criminal investigation or prosecution of Defendant Duran. The criminal investigation was conducted by the Florida Department of Law Enforcement and to date has not been shared with the Sheriff. The criminal prosecution is being conducted by the State Attorney's Office and documents outside of those found on the public docket have not been provided to the Sheriff. The document on the criminal docket are as accessible to Plaintiff as they are to the Sheriff.**

38. All written policies, standard operating procedures (SOPs), general orders, directives, or internal memos in effect on May 3, 2024, governing:

a. Response to domestic disturbance calls;
b. Warrantless entry into a home;

c. Knock and announce procedures;
d. Use of force;
e. Use of body-worn cameras.

**<u>Response:</u> The Sheriff is producing all responsive documents.**

39. All documents You intend to use, rely on or ask a deponent about in any deposition in this case.

**<u>Response:</u> The Sheriff objects on the grounds that the determination of what documents to use in a future deposition are mental impressions and strategy decisions which are protected by the work product doctrine.**

40. Documents describing the organizational structure, including but not limited to organizational charts for the Okaloosa County Sheriff's Office.

**<u>Response:</u> The Sheriff is producing organizational charts.**

Dated this 5th day of December 2025.

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN**
Florida Bar No. 937975
Email: mspellman@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

***Attorneys for Sheriff Aden***

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 5th day of December 2025, a true and correct copy of the foregoing was served to counsel of record via electronic mail.

*/s/ Michael P. Spellman*
**MICHAEL P. SPELLMAN**