UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHANTIMEKKI FORTSON,
Plaintiff,

vs. Case No.: 3:25-cv-591/TKW/ZCB

SHERIFF ERIC ADEN, et al.,
Defendants.
_________________________________/

# ORDER

This matter is before the Court on Plaintiff's "Motion to Compel Production of Documents Withheld on Defendant Aden's Privilege Log" (Doc. 70). Defendant Aden has responded in opposition. (Doc. 78). The Court held a hearing on the motion, and it is ripe for resolution. (Doc. 83).

This case is currently in discovery. Defendant Aden has refused to produce approximately 1,647 items[1] requested by Plaintiff because of the attorney-client privilege and/or work product doctrine. In lieu of producing those items, Defendant Aden has submitted to Plaintiff three

[1] Plaintiff has subsequently agreed that approximately 600 of those items are privileged because they clearly involve communications between Defendant Aden and his outside law firm. Thus, there are currently about 1,103 items in dispute. (Doc. 70 at 2).

separate documents (an initial privilege log (Doc. 70-2); a revised privilege log (Doc. 70-4); and a privilege report (Doc. 70-5)). Plaintiff has objected to these documents, claiming that they are not legally sufficient privilege logs. The Court agrees with Plaintiff.

A claim of attorney-client privilege or work product protection is "not self-executing." *In re Renco Grp. Inc.*, 164 F.4th 1336, 1344 (11th Cir. 2026). Instead, a party seeking to withhold information on the claim that it is subject to protection must "(1) expressly make the claim, and (2) describe the nature of the items not produced or disclosed in a manner that will enable other parties to assess the claim." *Id.* (cleaned up). The party asserting the protection bears the burden of proving by a preponderance of the evidence that it applies. *Id.* In the Eleventh Circuit, courts "require a party seeking to withhold information on the basis of privilege to support its claims on a document-by-document basis." *Id.* (cleaned up). This means that "blanket assertions of privilege" are generally insufficient. *Id.* Similarly, lumping together numerous documents and asserting privilege over them is generally improper. *Id.*

To be legally sufficient, a privilege log must "describe the nature of the documents, communications, or tangible things not produced or

disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). Thus, courts have explained that a proper privilege log should contain (1) the name and title of the author; (2) the name of the recipient; (3) the date the document was prepared; (4) the title or description of the document; (5) the subject matter addressed in the document; (6) the purpose for which it was prepared or communicated; and (7) the specific basis for the claim of privilege. *Arthrex, Inc. v. Parcus Medical, LLC*, 2012 WL 3778981, at *5 (M.D. Fla. Aug. 31, 2012).

Here, Defendant Aden has failed to provide a proper privilege log.[2] The two privilege logs (Docs. 70-2, 70-4) provided to Plaintiff were insufficient. Those logs failed to go document-by-document and instead attempted to impermissibly assert privilege in a categorical manner. The privilege report (Doc. 70-5) that Defendant Aden produced provides more information than the two privilege logs, and it does proceed document-

[2] Defendant has recognized as much, writing to Plaintiff during the meet and confer process that "we have been frank that our log failed to describe the nature of the 1,700 documents at issue in sufficient detail." (Doc. 70-10 at 2).

by-document. But it does not provide sufficient descriptions and explanations regarding why the withheld documents are privileged. The information provided "do[es] not sufficiently define the nature of the documents so that this court can determine whether these documents are shielded from production . . . ." *Elite Mitigation Servs, LLC v. Westchester Surplus Lines Ins. Co.*, No. 5:19-cv-381, 2020 WL 6122068, at *7 (N.D. Fla. Apr. 6, 2020). Thus, it is insufficient.[3] *See id.* (finding privilege log insufficient and requiring a supplemental log to be prepared); *see also Renco*, 164 F.4th at 1345 (finding that privilege log was insufficient

[3] To the extent Defendant Aden has argued that producing a legally sufficient privilege log would be unduly burdensome, the argument lacks merit. *See Pensacola Firefighters Relief Pension Fund v. Merrill Lynch*, 265 F.R.D. 589, 593 (N.D. Fla. 2010) (stating that "the fact that the compilation of such a log is burdensome will not obviate the obligation of providing one"). Similarly, to the extent that Defendant Aden has argued that the documents he has withheld are irrelevant or otherwise not subject to production on a basis other than privilege, the argument has been waived. Defendant Aden failed to object to the requests for production in question based on relevance, undue burden, proportionality, etc. Thus, Defendant Aden cannot now raise those objections for the first time in response to a motion to compel. *See Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010) (recognizing that "as a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived"); *see also Harvard v. Inch*, No. 4:19cv212, 2020 WL 701990, at *3 (N.D. Fla. Feb. 7, 2020) (explaining that "by raising objections for the first time in their response [to a motion to compel], Defendants have waived them").

because it failed to provide enough information to "substantiate its claims of privilege").

Having determined that Defendant Aden has not provided a sufficient privilege log, the Court turns to the question of remedy. Plaintiff argues that Defendant Aden should be deemed to have waived the attorney-client privilege and should be required to produce the documents in their entirety. Although waiver of the privilege may be imposed as a sanction, it is "the most extreme sanction" that a court can impose. *Jones v. Am. Gen. Life & Accident Ins. Co.*, 2002 WL 32073037, at *6 (S.D. Ga. Dec. 4, 2002); *see also Knights Armament Co. v. Optical Sys. Tech., Inc.*, 2009 WL 331608, at *7 (M.D. Fla. Feb. 10, 2009) (stating that "finding a party has forfeited or waived privileges" is an "extreme sanction"). Thus, "failure to provide a privilege log does not result in an automatic waiver of the privilege." *Pitts v. Francis*, No. 5:07cv169, 2008 WL 2229524, at *4 (N.D. Fla. May 28, 2008). Instead, a court should apply a "holistic analysis" when determining if the privilege has been waived. *Id.* As part of that "holistic analysis," courts regularly consider the following factors:

> the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to

> evaluate whether each of the withheld documents is privileged (where providing particulars typically contained in a privilege log is presumptively sufficient and boilerplate objections are presumptively insufficient); the timeliness of the objection and the accompanying information about the withheld documents (where service within 30 days, as a default guideline, is sufficient); the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy (such as, here, the fact that many of the same documents were the subject of an earlier action) or unusually hard.

*Id.* at *5.

Here, applying the "holistic analysis," considering the factors above, and keeping in mind the importance of the attorney-client privilege, the Court does not find that Defendant Aden has waived privilege over the approximately 1,103 documents at issue by failing to produce a sufficient privilege log. Given the time remaining in discovery (and the strong likelihood that a new scheduling order will be issued that provides even more time to complete discovery),[4] the Court does not believe that Plaintiff has been substantially prejudiced by Defendant Aden's failure to produce a sufficient privilege log.[5] As mentioned above, waiver is an

---

[4] As discussed at the hearing, it is anticipated that the scheduling order will be amended because the stay regarding Defendant Duran was recently lifted. (*See* Doc. 82).

[5] To the extent that a deposition has already occurred that Plaintiff believes would have somehow gone differently absent Defendant Aden's

"extreme sanction" that the Court believes should be reserved for situations where no lesser remedy would suffice. Here, the Court believes the lesser remedy of ordering Defendant Aden to produce a sufficient privilege log and requiring payment of Plaintiff's reasonable expenses incurred in filing the motion to compel are sufficient remedies, especially given the lack of prejudice suffered by Plaintiff. *See Elite Mitigation Servs.*, 2020 WL 6122068, at *7 (ordering the production of a "supplemental privilege log" after recognizing that the original privilege log was insufficient). Thus, the Court rejects Plaintiff's argument that Defendant Aden has waived attorney-client privilege over the approximately 1,103 items in dispute by failing to produce a sufficient privilege log.

Under Rule 37, when the Court grants a motion to compel discovery it is required to award reasonable expenses, including attorney's fees, to the movant, unless the movant failed to confer prior to filing the motion, the opposing party's position was substantially justified, or other circumstances would make an award of expenses unjust. *See* Fed. R. Civ.

---

failure to produce a sufficient privilege log, Plaintiff is free to file a motion requesting a re-deposition or similar relief.

P. 37(a)(5)(A). Here, the Court has determined that Plaintiff's motion to compel should be granted. And the Court finds that none of the exceptions to the award of reasonable expenses applies.

More specifically, the Court finds that Plaintiff adequately conferred with Defendant Aden prior to filing the motion to compel. (*See* Docs. 70-3, 70-6, 70-8, 70-9, 70-10). The Court further finds that Defendant Aden's position was not substantially justified. It is clear to the Court that Defendant Aden failed to produce a legally sufficient privilege log. Defendant Aden admitted as much to Plaintiff's counsel during the meet and confer process. (*See* Doc. 70-10 at 2). And finally, there are no other circumstances present that would make the award of reasonable expenses unjust. In that regard, the Court would reiterate that it refused to find the attorney-client privilege waived in part because a lesser sanction that included the award of reasonable expenses would be a sufficient remedy. Accordingly, the Court finds that Plaintiff is entitled to reasonable expenses incurred in bringing the motion to compel. To facilitate the award of reasonable expenses and to avoid unnecessary litigation, the parties shall meet and confer as explained

below regarding the expenses incurred by Plaintiff in bringing the motion to compel.[6]

Accordingly, it is **ORDERED** that:

1. Plaintiff's motion to compel (Doc. 70) is **GRANTED** to the extent that **no later than thirty days** from the date of this order Defendant Aden must produce to Plaintiff's counsel a privilege log that contains, on a document-by-document basis, the following information: (a) the name and job title or capacity of the document's author; (b) the name of each recipient, including those cc'd and/or bcc'd; (c) the date the document was prepared and the date the document was sent or shared with persons other than the author; (d) the title of the document; (e) a description of the subject matter discussed in the document; (f) the

---

[6] The Court fully expects that the parties will resolve this issue during their meet and confer. To that end, the parties should be aware that the Court does not take kindly to exorbitant fee requests that reflect a lack of billing judgment or an hourly rate that does not comport with the rates typically awarded for legal work in Pensacola, Florida. This motion to compel involved a discrete legal issue. It did not require complex legal work. And it should not have required multiple lawyers, nor substantial strategizing, discussing, editing, or researching. So, nobody should expect this Court to bless a fee request that reflects a lot of hours billed by multiple lawyers.

purpose for which it was prepared or communicated; and (g) the specific basis for the claim that the document is privileged.

2. Within **seven days** of this order, counsel for the parties must meet and confer in an effort to reach an agreement regarding the reasonable expenses Plaintiff incurred in bringing the motion to compel. The meet and confer must occur in-person, telephonically, or by video conference. If the parties cannot agree after a meaningful meet and confer, then Plaintiff shall file a motion seeking a determination of expenses. Any such motion is due within **fourteen days** of the meet and confer. The motion must detail the date of the meet and confer, as well as the duration of the meet and confer. And any such motion must be supported by an affidavit and billing records evidencing the expenses incurred in bringing the motion to compel. After the filing of any such motion, Defendant Aden shall have **seven days** to respond in opposition regarding the reasonableness of the expenses sought by Plaintiff.

**SO ORDERED** this the 2nd day of November 2026.

s/ Zachary C. Bolitho
Zachary C. Bolitho
United States Magistrate Judge