IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| CHANTIMEKKI FORTSON, individually and as the personal representative of the Estate of Roger Fortson,<br><br>PLAINTIFF,<br><br>v.<br><br>SHERIFF ERIC ADEN, in his official capacity; and<br>DEPUTY EDDIE DURAN, in his individual capacity;<br><br>DEFENDANTS. | Case No.: 3:25-cv-0591-TKW-ZCB<br><br>Judge Wetherell<br><br>Magistrate Judge Bolitho |

**SECOND JOINT MOTION TO AMEND SCHEDULING ORDER**

Plaintiff and Defendants Aden and Duran, jointly move the Court to amend the scheduling order in this matter to extend the discovery deadlines in light of the stay against Duran being lifted. On July 14, 2025, the Court granted Defendant Duran's motion for a stay in part, pending completion of Defendant Duran's criminal proceedings. ECF No.11. On July 31, 2026, the Court entered a scheduling order providing a fact discovery deadline of December 16, 2026. ECF No. 32. On June 5, 2026, the parties jointly moved to amend the initial scheduling order based on the criminal case being set for trial for the week of September 28, 2026, which was granted. ECF No. 60.

On October 23, 2026, Plaintiff filed an unopposed motion to lift the partial stay against Defendant Duran based on the completion of the criminal trial. ECF No. 81. The Court entered an order lifting the stay for all claims against Defendant Duran on October 26, 2026. ECF No. 82. The parties have good cause to amend the scheduling order since the stay against Defendant Duran is no longer in place. The pendency of the criminal prosecution materially affected the parties' ability to prepare and litigate this civil action, as the parties have been unable to take discovery from a key defendant. The existing scheduling order deadlines cannot reasonably be met with respect to Defendant Duran just starting discovery. While the parties aim to work expeditiously, conduct written discovery and document production with respect to Defendant Duran, the process of working through any disputes, any follow up with other parties and/or third parties necessary following initial discovery with respect to Defendant Duran, and conduct of outstanding deposition discovery will necessarily take longer than is provided for by the existing discovery schedule.

The resolution of the criminal proceedings and lift of the stay materially changes the posture of this litigation as the parties may now evaluate the claims, defenses, witnesses and evidence without the uncertainty associated with pending criminal proceedings. Plaintiff and Defendant Aden continue to make progress in discovery; written discovery is ongoing, the court recently resolved an outstanding

dispute regarding document discovery, and fact witness depositions scheduling continues. Because the parties will need time to conduct discovery into Defendant Duran, and to conduct any follow up necessary into other parties and/or third parties, the parties now seek an extension to the discovery schedule. While the parties do not think that a fact discovery deadline is necessary given the overall discovery deadline, if the Court deems it necessary that one be imposed, Plaintiff suggests July 9, 2026. The parties seek the following amendments to the existing scheduling order:

| Milestone | Current Date | Proposed Date |
|---|---|---|
| Plaintiff expert disclosures | Fri., Mar. 26, 2027 | Fri., Aug. 13, 2027 |
| Defendant expert disclosures | Fri., May 28, 2027 | Fri., Oct. 15, 2027 |
| Plaintiff rebuttal expert disclosures | Fri., June 25, 2027 | Fri., Nov. 12, 2027 |
| Rule 26(e) supplemental disclosures | Fri., June 25, 2027 | Fri., Nov. 12, 2027 |
| Overall discovery deadline | Fri., July 23, 2027 | Fri., Dec. 10, 2027 |
| Motion re: mediator selection, if parties can't agree | Mon., June 7, 2027 | Mon., Oct. 25, 2027 |
| Mediation completion | Fri., Aug. 6, 2027 | Thurs., Jan. 14, 2028 |
| Dispositive motion deadline | Fri., Aug. 27, 2027 | Thurs., Jan. 28, 2028 |
| Daubert motion deadline | Fri., Aug. 27, 2027 | Thurs., Jan. 28, 2028 |

Respectfully submitted,

/s/ *Chelsie L. Green*
Brian H. Barr (Fla. Bar No. 493041)
William F. Cash III (Fla. Bar No. 68443)
Chelsie L. Green (Fla. Bar No. 1008278)
**LEVIN, PAPANTONIO, PROCTOR, BUCHANAN, O'BRIEN, BARR & MOUGEY, P.A.**
316 South Baylen Street, Suite 600
Pensacola, FL 32502
Telephone: (850) 435-7000

Benjamin Berkman
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street, Suite 900
Chicago, IL 60654
Telephone: (312)253-8825

Liza Park
**BEN CRUMP LAW, PLLC**
4156 Saint Clair Circle
Berkeley Lake, GA 30096
Telephone: (678)474-6004
liza@bencrump.com

*Attorneys for Plaintiff*

/s/*Michael P. Spellman*

Michael P. Spellman
Florida Bar Number: 0937975
mpsellman@sniffenlaw.com

**SPELLMAN LAW, P.A.**
905 E. Park Avenue
Tallahassee FL 32301
T: (850) 601-1983

*Attorney for Defendant Aden*

/s/*Gwendolyn P. Adkins*

Gwendolyn P. Adkins
Florida Bar Number: 0949566
gadkins@coppinsmonroe.com

**COPPINS MONROE, P.A.**
2316 Killearn Center Blvd, Ste. 202
Tallahassee, FL 32309
Office: 850-422-2420
Fax: 850-422-2730

*Attorney for Defendant Eddie Duran*